UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11287-RGS

|  |  |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff, <br><br> v. <br><br> HAI NHU HUYNH and SPINE CARE AND THERAPY, INC., Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' MOTION TO DISSOLVE *EX PARTE* ATTACHMENTS**

Defendants' Hai Nhu Huynh and Spine Care and Therapy, Inc. ("Spine Care"), hereby move, pursuant to Mass. R. Civ. P. 4.1 and 4.2, to dissolve the *ex parte* attachments this Court approved in the amount of $800,000 on June 20, 2005, and September 9, 2005.

The procedures for obtaining and dissolving *ex parte* attachments is governed by Rules 4.1 and 4.2 of the Massachusetts Rules of Civil Procedure, made applicable here by Fed. R. Civ. P. 64, which provides that both the substance and procedure of pre-judgment security issues are to be governed by the law of the forum state. Here, defendants submit that plaintiff has not and cannot discharge its burden of demonstrating, with affidavits containing specific facts, either of the two findings necessary to justify the attachment: (1) that plaintiff is likely to recover judgment in excess of $800,000 (or of any amount, for that matter) or (2) that there is a "clear danger" that defendants will dissipate or conceal assets. Defendants have moved simultaneously for leave to file the memorandum and affidavits in support of their motion separately, consistent with the notice provision in Rules 4.1 and 4.2.

        Respectfully submitted,

        HAI NHU HUYNH and
        SPINE CARE AND THERAPY, INC.,

        By their attorneys,

        _/s/_James C. Rehnquist_____
        James C. Rehnquist (BBO# 552602)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, MA 02109
        (617) 570-1000

        __/s/ Andrew D.Nebensahl_____
        Andrew D. Nebenzahl (BBO# 368065)
        NEBENZAHL│DuBOSQUE, LLP
        One Post Office Square
        Sharon, MA  02067
        (781) 784-2000

September 20, 2005

## REQUEST FOR ORAL ARGUMENT

Defendants request a hearing, and believe that oral argument may assist the Court in deciding the motion.

## LOCAL RULE 7.1(A)(2) CERTIFICATE

The undersigned certifies pursuant to Local Rule 7.1(A)(2), that the moving party has conferred in good faith with opposing counsel on the matters set forth in the foregoing motion in an attempt to resolve or narrow the issues and reports that the Plaintiff, Metropolitan Property and Casualty Insurance Company, has not assented to this motion.

        _/s/_James C. Rehnquist_____

LIBA/1585436.1