UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11287-RGS

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff, | ) ) ) ) ) |
| v. | ) ) |
| HAI NHU HUYNH and SPINE CARE AND THERAPY, INC., Defendants. | ) ) ) ) ) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE
SUPPORTING MEMORANDUM AND AFFIDAVITS
PURSUANT TO THE TIME SET FORTH IN MASS. R. CIV. P. 4.1 AND 4.2**

Defendants Hai Nhu Huynh and Spine Care and Therapy, Inc. ("Spine Care") submit this

Motion for leave to file the memorandum and affidavits in support of Defendants' Motion to

Dissolve *Ex Parte* Attachments pursuant to the time set forth in Mass. R. Civ. P. 4.1 and 4.2.

The grounds for this motion are as follows:

1.      Pursuant to Mass. R. Civ. P. 4.1 and 4.2, plaintiff obtained *ex parte* attachments

on defendants' property from this Court in the amount of $800,000 on June 20, 2005, and again

on September 9, 2005.  Pursuant to Fed. R. Civ. P. 64, both the substantive and procedural law of

the forum state apply to questions of pre-judgment security.

2.      Defendants have filed herewith Defendants' Motion to Dissolve *Ex Parte*

Attachments, invoking the same rules — Mass. R. Civ. P. 4.1 and 4.2 — that applied to the

issuance of the attachments.  Under Rule 4.1(g) and Rule 4.2(h), titled Dissolution or

Modification of *Ex Parte* Attachments and Dissolution or Modification of *Ex Parte* Trustee

Process, respectively, a defendant who has been subject to an *ex parte* attachment may move for the attachment's dissolution "[o]n two days' notice to the plaintiff or on such shorter notice as the Court may prescribe . . . [and] the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require." Mass. R. Civ. P. 4.1(g), 4.2(h).

3.    Because of this notice provision, defendants seek leave to serve and file the memorandum and affidavits supporting their motion two days prior to the hearing on their motion, which has not yet been scheduled. Because such a separation of motion and supporting materials would appear to violate Local Rule 7.1 ("A party filing a motion shall at the same time file a memorandum of reasons . . . ."), defendants request leave to file their supporting papers separately.

4.    Allowance of this motion will not prejudice plaintiff, which will have the notice required under Rules 4.1 and 4.2, and will provide the Court with flexibility in scheduling the hearing.

Respectfully submitted,

HAI NHU HUYNH and
SPINE CARE AND THERAPY, INC.,

By their attorneys,

_/s/_James C. Rehnquist_____
James C. Rehnquist (BBO# 552602)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

__/s/ Andrew D.Nebensahl_____
Andrew D. Nebenzahl (BBO# 368065)
NEBENZAHL │ DuBOSQUE, LLP
One Post Office Square
Sharon, MA  02067
(781) 784-2000

September 20, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATE

The undersigned certifies pursuant to Local Rule 7.1(A)(2), that the moving party has conferred in good faith with opposing counsel on the matters set forth in the foregoing motion in an attempt to resolve or narrow the issues and reports that the Plaintiff, Metropolitan Property and Casualty Insurance Company, has not assented to this motion.

_/s/_James C. Rehnquist_____

LIBA/1585439.1