UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 11287 RGS

METROPOLITAN PROPERTY AND      )
CASUALTY INSURANCE COMPANY,    )
Plaintiff,                     )
                               )
v.                             )
                               )
HAI NHU HUYNH and              )
SPINE CARE AND THERAPY, INC.,  )
Defendants.                    )

### PLAINTIFF, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' SUBMISSION OF ADDITIONAL AFFIDAVIT AND DOCUMENTS IN SUPPORT OF ITS MOTION TO DISSOLVE ATTACHMENT OF SOVEREIGN ACCOUNT NO. 649000101102

The Plaintiff, Metropolitan Property and Casualty Insurance Company ("Metropolitan") submits this Opposition to the Defendants' submission of an additional affidavit and documentation in support of its motion to dissolve the attachment of Sovereign Bank Account No. 649000101102.

**I.   INTRODUCTION**

Pursuant to the Court's request that the Defendants' submit appropriate documentation establishing that Sovereign Bank Account No. 649000101102 ("the Sovereign Account") is a "payroll" account entitled to exemption from attachment pursuant to M.G.L. c. 246, §20, the Defendants have filed a second affidavit from Dr. Huynh, as well as various Sovereign Bank documents pertaining to the account in question.

Although counsel for the Plaintiff suggested at the hearing on September 26, 2005 that the Plaintiff would assent to this motion upon proper proof, there are several glaring discrepancies within the Defendants' proffered documents, as well as a lack of any information

regarding the actual payroll expenses of the Defendants. Therefore, Metropolitan must oppose their Motion to Dissolve Attachments, unless and until, the Defendants provide appropriate information and materials, justifying the release of the Sovereign Account.

## II. FACTUAL ANALYSIS

The Defendants have provided this Honorable Court with essentially two documents by which to ascertain whether the Sovereign Account is afforded exemption from attachment under Massachusetts law. M.G.L. c. 246, §20. First, Dr. Huynh submits his own affidavit, in which states that the Defendant, Spine Care and Therapy, Inc. ("Spine Care"), has designated the Sovereign Account as a "payroll" account, and that this account has been used exclusively to pay Spine Care employees since it was opened.[1] The Defendants also submit bank account statements and cancelled checks covering the period from March 21, 2005 to June 19, 2005.[2]

While the Defendants do appear to pay their employees from the Sovereign Account, these documents also suggest that this account may be used for other purposes, perhaps being more accurately described as a general account. First, the bank statements indicate that there has been a running balance in the Sovereign Account of at least $31,000.00 and upwards of $64,000.00:

- Ending balance for the period 3/21/05 through 4/18/05:    $64,617.06[3]
- Ending balance for the period 4/19/05 through 5/18/05:    $36,737.17[4]
- Ending balance for the period 5/19/05 through 6/19/05:    $41,127.79[5]

The bank statements also indicate that there have been withdrawals, other than payments to employees, made on the Sovereign Account:

---
[1] Dr. Huynh Affidavit, ¶¶ 3 and 5.
[2] See Defendants' Motion to Dissolve Attachments, Exhibit A.
[3] Id.
[4] Id.
[5] Id.

- Check Number 823, handwritten by Dr. Huynh, made payable to "cash" in the amount of $5,000.00, cashed on May 9, 2005;

- ATM cash withdrawal on May 9, 2005 in the amount of $501.00;

- ATM cash withdrawal on March 21, 2005 in the amount of $500.00, and,

- Withdrawal—not by check—made on May 11, 2005 in the amount of $1,500.

Additionally, there are questions regarding the actual salary of Dr. Huynh as an employee of Spine Care. From April 26, 2005 to May 20, 2005, Dr. Huynh cashed three checks issued himself in the total amount of $19,758.59.[7] During this same time, Dr. Huynh, as the signator on the account, also cashed a $5,000.00 check made payable to "cash," as well as made a $501.00 ATM withdrawal. As such, Dr. Huynh personally withdrew $25,259.59 in less than days. Without objective and independent documentation establishing Dr. Huynh's normal salary as the Spine Care chiropractor, there is no way this Court, or Metropolitan can ascertain whether the monies withdrawn from this account, by Dr. Huynh, are, in fact, payroll-related.

Finally, it appears that deposits into the Sovereign Account occur sporadically and infrequently. Within the three-month time period covered by the submitted bank accounts, only one deposit was made into the Sovereign Account.[8] This is quite uncharacteristic as to the methods typically employed by corporations utilizing payroll accounts. See In re Saugust General Hospital, Inc. v. Saugus Bank and Trust Co., 7 B.R. 347, 354 (Bankr. D.Mass. 1980) (one factor considered by the court in finding an account was a "payroll" account was the fact that all monies periodically deposited into the account was equal to the periodic payroll, and expected to result in a zero balance after the payroll checks had been cashed).

---

[6] Id.
[7] Id. (5/20/05: $6,192.10; 5/10/05: 6,591.86; 5/9/05: $5,000.00; 5/9/05: $501.00; 4/26/05: $6,254.63).
[8] Id. (deposit made on 5/26/05 in the amount of $24,272.26).

Contrary to Dr. Huynh's assertions that the Sovereign Account is exclusively for use a payroll account, Spine Care income associated with what could be considered "accounts receivable" has been deposited into the Sovereign Account. By way of example only, Spine Care has deposited Metropolitan-issued payments for Personal Injury Protection "PIP" benefit into the Sovereign Account.[9] Since the Defendants have failed to establish that the Sovereign Account is used *exclusively* as a payroll account, their Motion to Dissolve Attachment pursuant to M.G.L. c. 246, §20 should be denied.

### III. LEGAL ANALYSIS

Metropolitan certainly does not oppose a motion to dissolve the attachment of a properly designated payroll account pursuant to M.G.L. c. 248, §20. Rather, Metropolitan merely requests that the Defendants provide the Court with independent and objective evidence of the character and use of the Sovereign Account. Information critical to the Court's analysis is:

1) Dr. Huynh's actual salary as the Spine Care chiropractor prior to this litigation and separate from income he derives as owner;

2) Spine Care's average monthly payroll expenses;

3) The established payment calendar for Spine Care's employees, including Dr. Huynh; and,

4) A statement from Dr. Huynh explaining how all of the ATM withdrawals and handwritten checks made payable to "cash" relate to Spine Care's payroll expenses;

Indeed, in written correspondence to counsel for the Defendants[10] and within an additional LR 7.1 conference, counsel for the Plaintiff asked for written assurances and this

---

[9] See Attachment "A."
[10] See Correspondence dated September 27, 2005, hereafter attached as Attachment "B."

limited additional information. Counsel for the Defendants refused, simply stating they had no obligation to do so. To the extent that the Defendants have failed to provide the Court with the information, and any other information the Court deems necessary to conduct a proper analysis, Metropolitan respectfully opposes dissolution of the attachment on the Sovereign Account.

### IV. CONCLUSION

Based on the foregoing analysis, the Plaintiff, Metropolitan Property and Casualty Insurance, respectfully requests this Honorable Court deny the Defendants' Motion to Dissolve Attachment against Sovereign Bank Account No. 649000101102.

Respectfully submitted,
By the Plaintiff,
Metropolitan Property and Casualty
Insurance Company,
By its attorneys,

_____
Glenda H. Ganem, Esq.
BBO# 564374
Clayton R. Henderson, Esq.
BBO# 659532
McGovern & Ganem, P.C.
21 Merchants Row, 4th Floor
Boston, MA 02451
(617) 723-1444

Date: SEPTEMBER 28, 2005

## CERTIFICATE OF SERVICE

    I, Clayton R. Henderson, attorney for the Plaintiff, Metropolitan Property and Casualty Insurance Company, hereby certify that I have this day delivered, via first class mail, postage prepaid, a copy of the within document direct to:

| | |
|---|---|
| Andrew Nebenzahl, Esq. | James C. Rehnquist, Esq. |
| Nebenzahl DuBosque, LLP | Goodwin Procter |
| On Post Office Square | Exchange Place |
| Sharon, MA 01950 | Boston, MA 02109 |

    Signed under the pains and penalties of perjury this 28TH day of September, 2005.

_____
Clayton R. Henderson, Esq.

**Account Number:** 23008931    **Check Number:** 1410914    **Amount:** 3357.87    **Process Date:** 09/20/04
**Sequence Number:** 3900696872





**Account Number:** 23008931  **Check Number:** 1531692  **Amount:** 380.63  **Process Date:** 09/27/04
**Sequence Number:** 3200621538





**Account Number:** 23008931   **Check Number:** 1539912   **Amount:** 3063.90   **Process Date:** 09/27/04
**Sequence Number:** 3200621537





# MCGOVERN & GANEM, P.C.
### ATTORNEYS AT LAW
21 MERCHANTS ROW
BOSTON, MASSACHUSETTS 02109

RICHARD A. McGOVERN
GLENDA H. GANEM*
MICHAEL L. SNYDER

PATRICE L. SIMONELLI
CHERIE L. FINEBERG†
CLAYTON R. HENDERSON
JOSEPH R. CIOLLO
WILLIAM M. WISE

*ALSO ADMITTED IN NH
†ALSO ADMITTED IN RI

TELEPHONE (61 ) '23-1444
FAX (617) 7   3555

E-MAIL mg@mcgo   janem.com

September 27, 2005

**Via Facsimile**
Sheryl Koval, Esq.
Goodwin Procter, LLP
Exchange Place
Boston, MA 02109

Re: <u>Metropolitan Property and Casualty Insurance Company v. Hai Nhu Huynh and Spine Care and Therapy, Inc.</u>
United States District Court for the District of Massachusetts
Civil Action No.:    05 11287 RGS
<u>Our File No.</u>:       MS.5410

Dear Attorney Koval:

I am in receipt of your most recent facsimile, which included the proposed Joint Motio to Dissolve Attachment, along account statements regarding Sovereign Bank Account No. 649000101102.

Prior to providing its assent to the proposed Joint Motion, Metropolitan requires certair and assurances to be incorporated into the body of the motion and Dr. Huynh's supporting affidavit. First, as Dr. Huynh appears to be the primary signatory of this particular account, Metropolitan requests that the Defendants' include some language in the Motion identifying Dr Huynh's monthly salary since January 2005, thereby demonstrating, in good faith, that subsequent withdrawals from this account correspond to Dr. Huynh's actual salary prior to this litigation.[1]

Metropolitan also requests that the proposed Joint Motion and Dr. Huynh's affidavit contain specific language limiting deposits into account 649000101102 to the extent necessary t meet Spine Care and Therapy's established payroll expenses. Metropolitan notes that this account maintains a running balance, and that PIP payments made by various insurance carriers

---

[1] On May 9, 2005, Dr. Huynh made out a handwritten check, payable to "cash" in the amount of $5,000.00. That same day, there was an ATM cash withdrawal in the amount of $501.00. Neither of these withdrawals appear to b related to Spine Care and Therapy's payroll.

1

have been deposited directly to this account. As M.G.L. c. 246, §20 specifically prohibits a p[a]r[t]y from depositing money into a payroll account with the intent to evade attachment on trustee process, Metropolitan requests that the Defendants' provide an average monthly accounting o[f] their payroll expenses, in order to ensure that only those monies necessary to cover payroll expenses are deposited into this particular account.

    Making these changes will ensure compliance with Massachusetts General Laws and [wil]l prevent any abuses of this account. Please forward the amended Joint Motion, as well as Dr. Huynh's affidavit. Once received, Metropolitan will assent to the Defendants' request to dissolve the attachment of this account. Thank you for your attention to these matters.

Very truly yours,

Glenda H. Ganem
GHG:cmr
cc:   Andrew Nebenzahl, Esq.

```
************************************************************        **********
*                         TRANSACTION REPORT                         *  P.01   *
*                         _____       SEP-27-2005 TU   2:12 PM  *
*                                                                             *
*    FOR: McGOVERN & GANEM, P.C.      16177233555                             *
*_____*
*   SEND                                                                      *
*  DATE  START    RECEIVER       TX TIME   PAGES TYPE     NOTE        M#  DP  *
*_____*
*  SEP-27 12:11 PM 916175231231    1'06"     3   FAX TX    OK         513     *
*_____*
*                                 TOTAL :   1M 6S PAGES:   3                  *
*                                                                             *
************************************************************        **********
```

## McGovern & Ganem, P.C.
### ATTORNEYS AT LAW
21 Merchants Row
BOSTON, MASSACHUSETTS 02109

RICHARD A. McGOVERN
GLENDA H. GANEM
MICHAEL L. SNYDER

PATRICE L. SIMONELLI
CHERIE L. FINEBERG
CLAYTON R. HENDERSON
JOSEPH R. CIOLLO
WILLIAM M. WISE

TELEPHONE (617) 723-1444
FAX (617) 723-3555

E-MAIL mg@mcgovernganem.com

### *FACSIMILE COVER SHEET*

*The pages of this facsimile transmission contain confidential information from McGOVERN & GANEM, P.C. The information contained in this transmission is intended solely for use by the individual entity named as the recipient. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of this transmission is prohibited. If you have received this transmission in error, please contact us immediately so that we may retrieve it at no cost to you. Thank you for your assistance.*

DATE: September 27, 2005       FAX:    (617) 523-1231

TO:   Sheryl Koval, Esq.

FROM: Glenda H. Ganem, Esq.    FAX:    (617) 723-3555

                               PHONE:  (617) 723-1444

Re: Metropolitan Property and Casualty Insurance Company v. Hai Nhu Huynh and Spine Care and Therapy, Inc.
United States District Court for the District of Massachusetts
Civil Action No.:  05 11287 RGS
Our File No.:      MS.5410

Number of pages sent 3 including cover sheet

## McGovern & Ganem, P.C.
ATTORNEYS AT LAW
21 Merchants Row
BOSTON, MASSACHUSETTS 02109

RICHARD A. McGOVERN
GLENDA H. GANEM
MICHAEL L. SNYDER

PATRICE L. SIMONELLI
CHERIE L. FINEBERG
CLAYTON R. HENDERSON
JOSEPH R. CIOLLO
WILLIAM M. WISE

TELEPHONE (617) 723-1444
FAX (617) 723-3555

E-MAIL mg@mcgovernganem.com

## *FACSIMILE COVER SHEET*

*The pages of this facsimile transmission contain confidential information from McGOVERN & GANEM, P.C. The information contained in this transmission is intended solely for use by the individual entity named as the recipient. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of this transmission is prohibited. If you have received this transmission in error, please contact us immediately so that we may retrieve it at no cost to you. Thank you for your assistance.*

**DATE:**     **September 27, 2005**            **FAX:**     **(617) 523-1231**

**TO:**       **Sheryl Koval, Esq.**

**FROM:**     **Glenda H. Ganem, Esq.**         **FAX:**     **(617) 723-3555**

                                                **PHONE:**   **(617) 723-1444**

---

Re:   Metropolitan Property and Casualty Insurance Company v. Hai Nhu Huynh and Spine Care and Therapy, Inc.
United States District Court for the District of Massachusetts
Civil Action No.:   05 11287 RGS
Our File No.:       MS.5410

---

**Number of pages sent** 3 **including cover sheet**