FILED
UNITED STATES DISTRICT COURTS OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

2005 SEP 30  P 3: 13
CIVIL ACTION NO.: 05 11287 RGS

U.S. DISTRICT COURT
DISTRICT OF MASS.

METROPOLITAN PROPERTY AND        )
CASUALTY INSURANCE COMPANY,      )
Plaintiff,                       )
                                 )
v.                               )
                                 )
HA1 NHU HUYNH and                )
SPINE CARE AND THERAPY, INC.,    )
Defendants.                      )

## PLAINTIFF, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY'S SUPPLEMENTAL OPPOSITION TO THE DEFENDANTS' MOTION TO DISSOLVE *EX PARTE* ATTACHMENTS

The Plaintiff, Metropolitan Property and Casualty Insurance Company ("Metropolitan"),

hereby submits its Supplemental Opposition to the Defendants' Motion to Dissolve *Ex Parte*

Attachments.

On September 26, 2005, counsel for both parties appeared before this Honorable Court

for a hearing on the Defendants' Motion to Dissolve *Ex Parte* Attachments. During the hearing,

the Honorable Judge Stearns requested that Metropolitan submit additional materials and

documentation in support of the various attachments allowed against the Defendants.

Specifically, Judge Stearns requested documentation useful in establishing (a) whether

Metropolitan is likely to succeed on the merits of its claims, and (b) whether the damages

Metropolitan is likely to recover exceed the $800,000.00 attachment previously allowed by the

Court. See Aetna Casualty and Surety Co. v. Rodco Autobody, 138 F.R.D. 328, 331-332

(D.Mass. 1991); Mass.R.Civ.P. 4.1(c) and 4.2(c).

1

Pursuant to Judge Stearns' order, Metropolitan hereby submits this supplemental

opposition, along with an Affidavit of Senior Investigator, Mark O. Huard, hereafter attached as

Exhibit "A." Mr. Huard's affidavit comprehensively provides this Honorable Court with

documentation and information directly referencing Metropolitan's likelihood of success on the

merits, and the likelihood that Metropolitan will recover an amount greater than the $800,000.00

attachment previously granted. Metropolitan hereby affirms, and incorporates by reference, all

previous positions, as set forth in its original Opposition to Defendants' Motion to Dissolve *Ex

Parte* Attachments.

**WHEREFORE,** for the foregoing reasons, the Plaintiff, Metropolitan Property and

Casualty Insurance Company, respectfully requests that this Honorable Court deny the

Defendants' Motion to Dissolve *Ex Parte* Attachments, affirm its previous allowance in the

amount of $800,000.00 and any other relief deemed just and proper.

> Respectfully submitted,
> By the Plaintiff,
> Metropolitan Property and Casualty
> Insurance Company,
> By its attorneys,
>
> Glenda H. Ganem, Esq.
> BBO# 564374
> Clayton R. Henderson, Esq.
> BBO# 659532
> McGovern & Ganem, P.C.
> 21 Merchants Row, 4th Floor
> Boston, MA 02451
> (617) 723-1444

Date: 9/30/05

## **CERTIFICATE OF SERVICE**

I, Clayton R. Henderson, attorney for the Plaintiff, Metropolitan Property and Casualty Insurance Company, hereby certify that I have this day delivered, via courier, a copy of the within document direct to:

Andrew Nebenzahl, Esq.                          James C. Rehnquist, Esq.
Nebenzahl DuBosque, LLP                        Goodwin Procter
One Post Office Square                           Exchange Place
Sharon, MA 01950                                Boston, MA 02109

Signed under the pains and penalties of perjury this $\underline{20}$ day of September, 2005.

*Clayton R. Henderson*
Clayton R. Henderson, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 11287 RGS

| | |
|---|---|
| METROPOLITAN PROPERTY AND<br>CASUALTY INSURANCE COMPANY,<br>Plaintiff, | )<br>)<br>)<br>) |
| v. | )<br>) |
| HAI NHU HUYNH and<br>SPINE CARE AND THERAPY, INC.,<br>Defendants. | )<br>)<br>) |

## **AFFIDAVIT OF MARK O. HUARD**

I, Mark O. Huard, do hereby swear and depose under the pains and penalties of perjury,

and upon information and belief, as follows:

1.  My name is Mark O. Huard, and I am an investigator assigned to the Special

    Operations Division of Metropolitan Property and Casualty Insurance Company's

    ("Metropolitan") Special Investigations Unit ("SIU").

2.  The assertions set forth in ¶¶ 2-4 of my June 20, 2005 Affidavit are hereby

    affirmed and incorporated by reference.

3.  All exhibits attached to this affidavit are true and accurate copies of documents

    maintained within Metropolitan's investigative and claim files.

4.  Contrary to the assertions made by defense counsel during the September 26,

    2005 hearing on the Defendants' Motion to Dismiss *Ex Parte* Attachments, the

    Defendants have been aware, since at least August 2005, of virtually all

    information contained within this affidavit.

5. Upon information and belief, Katherine Fielding, an investigator with the

Massachusetts Division of Licensure, provided the Defendants', through Attorney

Nebenzahl, with a complete copy of Metropolitan's Division of Licensure

Complaint against the Defendants[1] as well as the following exhibits:

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT |
|---|---|
| 3 | Muoi Thi Huynh Examination Under Oath Transcript |
| 4 | Dr. Huynh Narrative Report regarding Muoi Thi Huynh |
| 5 | Dr. Huynh Initial Case Summary regarding Muoi Thi Huynh |
| 6 | Spine Care Chief Complaint Form regarding Muoi Thi Huynh |
| 7 | Spine Care Medical Records and Notes regarding Muoi Thi Huynh |
| 8 | Spine Care Bills regarding treatment to Muoi Thi Huynh |
| 10 | Steven Nguyen Examination Under Oath Transcript |
| 11 | Dr. Huynh Narrative Report regarding Steven Nguyen |
| 12 | Spine Care Medical Records and Notes regarding Steven Nguyen |
| 13 | Spine Care Bills regarding treatment to Steven Nguyen |
| 15 | Thanh Le Examination Under Oath Transcript |
| 16 | Dr. Huynh Narrative Report regarding Thanh Le |
| 17 | Dr. Huynh Chief Complaint Form regarding Thanh Le |
| 18 | Spine Care Medical Records and Notes regarding Thanh Le |
| 19 | Spine Care Bills regarding treatment to Thanh Le |
| 21 | Meo Thi Tran Examination Under Oath Transcript |
| 22 | Dr. Huynh Narrative Report regarding Meo Thi Tran |
| 23 | Dr. Huynh Initial Case Summary regarding Meo Thi Tran |
| 24 | Spine Care's Assignment of Proceeds, Lien and Authorization Form regarding Meo Thi Tran |
| 25 | Spine Care Medical Records and Notes regarding Meo Thi Tran |
| 26 | Spine Care Bills regarding treatment to Meo Thi Tran |
| 27 | Anh Bui Examination Under Oath Transcript |
| 28 | Dr. Huynh Initial Case Summary regarding Anh Bui |
| 29 | Spine Care Bills regarding treatment to Anh Bui |
| 30 | Spine Care's Assignment of Proceeds, Lien and Authorization regarding Anh Bui |
| 37 | Spine Care Medical Records and Notes regarding Anh Bui |
| 39 | Nhut Cao Examination Under Oath Transcript |
| 33 | Dr. Huynh Narrative Report regarding Nhut Cao |
| 34 | Spine Care Bills regarding treatment to Nhut Cao |

[1] Metropolitan Complaint and Memorandum submitted to the Massachusetts Division of Licensure against Hai Nhu Huynh and Spine Care and Therapy, Inc. ("Board Complaint"), hereafter attached as Exhibit "1." Certain exhibits to that Complaint are attached to this Affidavit as they relate to the claim referenced.

2

| 35 | Spine Care Medical Records and Bills regarding Nhut Cao |
| 38 | Thanh Nguyen Examination Under Oath Transcript |
| 40 | Duong Le Examination Under Oath Transcript |

## METROPOLITAN IS LIKELY TO SUCCEED ON THE MERITS OF ITS CLAIM

6. Metropolitan's investigation revealed an extensive and continuing pattern of false and improper medical diagnoses, treatment, and billing for patients allegedly receiving treatment at Spine Care and Therapy, Inc. ("Spine Care") as a result of motor vehicle accidents since Spine Care's inception in 2001.

7. The testimony of numerous patients[2] directly contradicts and refutes the medical records, notes, and bills submitted by Spine Care and Hai Nhu Huynh, DC ("Dr. Huynh") with regard to:

   a. the injuries actually sustained by the patient;

   b. the subjective complaints of the patient during a particular treatment visit;

   c. the types of treatment provided by Spine Care and Dr. Huynh;

   d. the frequency of particular types of treatment provided by Spine Care and Dr. Huynh; and,

   e. whether a licensed chiropractor or an unlicensed administrative staff member administered the various treatments to the patient.

8. A review of Spine Care's medical records, notes, and bills, coupled with patient testimony, indicates that Spine Care and Dr. Huynh continually fail to adhere to the Chiropractic Rules of Professional Conduct, as well as the standards established by the American Medical Association ("AMA") with regard to the use

---

[2] Certain patients will be identified and addressed, by way of example only, within this Affidavit. The insurance fraud scheme implemented and orchestrated by the defendants is by no means limited to these individual claims, but rather the referenced claims depict and illustrate, with specificity, the pattern of the Defendants' scheme.

3

of Current Procedural Terminology ("CPT") codes to designate and bill for

medical treatments provided to a patient.[3]

## **Treatment for Fictitious Injuries**

9.     Muoi Thi Huynh, Claim Number WBB92967, was treated as a patient at Spine

Care for injuries allegedly sustained in a motor vehicle accident occurring on June

5, 2004.

10.    Metropolitan obtained Ms. Huynh's examination under oath testimony on

December 22, 2004.[4]

11.    An interpreter was present during the Ms. Huynh's examination under oath, as

well as a representative from Ms. Huynh's counsel, Attorney John Lee Diaz, Esq.

12.    Ms. Huynh testified that as a result of the June 5, 2004 accident, she suffered

injuries to both knees and left arm.[5]

13.    Ms. Huynh denied ever reporting to the staff of Spine Care or Dr. Huynh that she

suffered head, back, or shoulder injuries as a result of the June 5, 2004 accident.[6]

14.    Dr. Huynh's Narrative Report, dated September 14, 2004 falsely indicated that

Ms. Huynh complained of cervical, thoracic, and lumbar pain, in addition to her

knee and left arm pain.[7]

15.    Dr. Huynh's Initial Case Summary of Ms. Huynh falsely diagnosed Ms. Huynh's

injuries, to include cervical, thoracic, and lumbar pain.[8]

---

[3] See Massachusetts Chiropractic Standards of Practice and Conduct, 233 CMR 4.00; See *Current Procedural Terminology, CPT 2001, Standard Edition*. American Medical Association, AMA press (2001), pp. 9-10, 298-300, hereafter attached as Exhibit "2."

[4] See Muoi Thi Huynh Examination Under Oath Transcript ("M. Huynh Transcript"), hereafter attached as Exhibit "3."

[5] M. Huynh Transcript, pp. 12 (lines 8-24), 13 (line 1), 20 (lines 14-24), 23 (lines 6-12).

[6] Id. at pp. 23 (lines 6-12), 44 (lines 6-22).

[7] Dr. Huynh Narrative Report regarding Muoi T. Huynh, dated September 14, 2004 ("M. Huynh Narrative Report"), hereafter attached as Exhibit "4."

4

16.     Based upon Dr. Huynh's fraudulent diagnosis, the Defendants administered a

        treatment protocol based substantially on fabricated injuries.[9]

17.     Dr. Huynh and Spine Care fraudulently reported and/or provided Ms. Huynh with

        medically unnecessary treatments for fictitious injuries, and then submitted bills

        for the fraudulent treatments.[10]

18.     Dr. Huynh's Narrative Report fraudulently concluded that it is his "professional

        opinion" that the injuries, he fraudulently diagnosed, were the result of the June 5,

        2004 motor vehicle accident.[11]

19.     Based upon this fraudulent conduct, Metropolitan denied the Defendants' claims

        for payment, and advised the Defendants, in writing, the basis for Metropolitan's

        position.[12]

20.     Steven Nguyen, Claim Number WBC14443, treated at Spine Care for injuries

        allegedly sustained in a motor vehicle accident occurring on October 9, 2004.

21.     Metropolitan obtained Mr. Nguyen's examination under oath testimony on

        January 5, 2005.[13]

22.     During the examination under oath, Mr. Nguyen, who did not require an

        interpreter, was represented by Attorney Patrick Tracy of Katzman & Katzman.

---

[8] Dr. Huynh Initial Case Summary regarding Muoi T. Huynh ("M. Huynh Initial Summary"), hereafter attached as Exhibit "5," and Spine Care Chief Complaint Form regarding Muoi T. Huynh ("M. Huynh Chief Complaint"), hereafter attached as Exhibit "6."

[9] Dr. Huynh Treatment Protocol, Physical Examination, and Patient Progress Report Notes for Muoi T. Huynh ("M. Huynh Medical Records"), hereafter attached as Exhibit "7."

[10] Spine Care Itemized Bills and Health Insurance Claim Form ("HICF") bills for Muoi T. Huynh ("M. Huynh Bills"), hereafter attached as Exhibit "8."

[11] M. Huynh Narrative Report, p. 4.

[12] Metropolitan denial letter to the Defendants dated January 13, 2005 ("M. Huynh Denial Letter"), hereafter attached as Exhibit "9."

[13] See Steven Nguyen Examination Under Oath Transcript ("S. Nguyen Transcript"), hereafter attached as Exhibit "10."

23.   Mr. Nguyen testified that as a result of the October 9, 2004 accident, he suffered injuries to his neck, as well as headaches.[14]

24.   Mr. Nguyen denied sustaining injuries to his shoulders, or complaining of any shoulder injuries to the Spine Care staff.[15]

25.   Mr. Nguyen was originally examined by Michael Nguyen, DC, ("Dr. M. Nguyen") the owner of Chirotherapy and Rehab, Inc. ("Chirotherapy"), and an ongoing business partner of Dr. Huynh.[16]

26.   Mr. Nguyen testified that he did not have to miss any work as a result of the injuries he actually sustained.[17]

27.   Dr. Huynh's Narrative Report falsely diagnoses a shoulder injury, as well as Mr. Nguyen's "Total Disability," rendering him unable to perform his work without "severe pain and impairment."[18]

28.   A significant portion of Dr. Huynh's Narrative Report regarding Mr. Nguyen is identical to other narrative reports relating to patients allegedly suffering injuries completely different from those allegedly suffered by Mr. Nguyen.[19]

29.   Notwithstanding Mr. Nguyen's denial of any shoulder injury, Dr. Huynh prescribed and administered a treatment protocol involving significant treatments for shoulder injuries.[20]

---

[14] S. Nguyen Transcript, pp. 51 (lines 17-24) and 52 (lines 1-9).
[15] Id. at p. 52 (lines 15-24).
[16] Id. at p. 50 (lines 15-24).
[17] Id. at p. 13 (lines 23-24).
[18] Dr. Huynh Narrative Report regarding Steven Nguyen, dated January 10, 2005 ("S. Nguyen Narrative Report"), hereafter attached as Exhibit "11."
[19] Compare M. Huynh Narrative Report, p. 5, ¶2, and S. Nguyen Narrative Report, p. 4, ¶3.
[20] Dr. Huynh Initial Case Summary, Treatment Protocol, Chief Complaint Form, Physical Examination, and Patient Progress Report Notes for Steven Nguyen ("S. Nguyen Medical Records"), hereafter attached as Exhibit "12."

6

30. The Defendants fraudulently billed for treatments relating to Mr. Nguyen's fictitious shoulder injury.[21]

31. Based upon this fraudulent conduct, Metropolitan denied the Defendants' claims for payment, and advised the Defendants, in writing, the basis for Metropolitan's position.[22]

32. Thanh Le, Claim Number WBB94815, treated at Spine Care for injuries allegedly sustained in a motor vehicle accident occurring on May 21, 2004.

33. Metropolitan obtained Ms. Le's examination under oath testimony on January 4, 2005.[23]

34. Present during Ms. Le's examination under oath was Ms. Le's counsel, Attorney John J. Sweeney. An interpreter was not required.

35. Ms. Le testified that as a result of the May 21, 2004 accident, she suffered injuries to her neck and head.[24]

36. Ms. Le did admit to "a little bit" of pain in the shoulder, but it was "not a problem."[25]

37. Ms. Le even denied suffering back pain, or ever complaining of back pain to the Spine Care staff.[26]

38. Ms. Le reported that she had learned of the Defendants through an individual named Van Nguyen, a friend of fellow claimant and Spine Care patient, Anh Bui.

---

[21] Spine Care Itemized Bill and HICF bills regarding Steven Nguyen ("S. Nguyen Bills"), hereafter attached as Exhibit "13."

[22] Metropolitan denial letter to the Defendants dated February 22, 2005 ("S. Nguyen Denial Letter"), hereafter attached as Exhibit "14."

[23] See Thanh Le Examination Under Oath Transcript ("T. Le Transcript"), hereafter attached as Exhibit "15."

[24] Id. at pp. 59 (lines 17-24), 61 (lines 14-16).

[25] Id. at pp. 59 (line 24), 60 (lines 1-12).

[26] Id. at pp. 60 (lines 17-24), 61 (lines 1-9).

7

According to Ms. Le, she and Anh Bui were introduced to Spine Care because Van Nguyen "has car accidents and they know the doctor."[27]

39.   Dr. Huynh's Final Narrative Report falsely indicates that Ms. Le complained of both "upper mid" and low back pain.[28]

40.   Based upon a false Chief Complaint Form, Dr. Huynh fraudulently diagnosed Ms. Le as having numerous soft-tissue injuries, including back pain.[29]

41.   Using his fraudulent diagnoses as justification, Dr. Huynh prescribed and implemented a treatment protocol that included substantial treatments for Ms. Le's fictitious back injury and shoulder injury, which was considered by Ms. Le, herself to "not [be] a problem."[30]

42.   Although Ms. Le apparently prematurely terminated her treatment with the Defendants, the Defendants were still able to fraudulently bill $2,245.00 for the treatment allegedly provided to Ms. Le.[31]

43.   Even though the Defendants had fraudulently billed past the $2,000.00 tort threshold, thereby wrongfully enabling Ms. Le to bring a bodily injury claim, Dr. Huynh still felt is was necessary to suggest in his narrative report that Ms. Le's fictitious injuries still warranted additional treatment.[32]

---

[27] Id. at p. 54 (lines 1-14).

[28] Dr. Huynh Final Narrative Report regarding Thanh Le, dated September 17, 2004 ("T. Le Narrative Report"), hereafter attached as Exhibit "16."

[29] Chief Complaint Form regarding Thanh Le ("T. Le Chief Complaint") and Initial Case Summary regarding Thanh Le ("T. Le Initial Summary"), hereafter attached as Exhibit "17"; T. Le Narrative Report, p. 3.

[30] Dr. Huynh Treatment Protocol, Physical Examination Forms, Patient Progress Reports ("T. Le Medical Records"), hereafter attached as Exhibit "18."; T. Le. Transcript, pp. 59 (line 24), 60 (lines 1-12).

[31] T. Le Narrative Report, p. 3; Spine Care Itemized Bills and HICF Bills regarding Thanh Le ("T. Le Bills"), hereafter attached as Exhibit "19."

[32] T. Le Narrative Report, p. 3 ("Further treatment was warranted").

8

44.   Based upon this fraudulent conduct, Metropolitan denied the Defendants' claims
      for payment, and advised the Defendants, in writing, the basis for Metropolitan's
      position.[33]

## Billing for Treatments Never Provided to Patients

45.   Meo Thi Tran, Claim WBB92967, was involved in the same June 5, 2004 motor
      vehicle accident as Ms. Huynh. See, ¶¶ 9-19. Ms. Tran sought treatment from
      the Defendants for injuries allegedly suffered as a result of the June 5, 2004
      accident.

46.   Metropolitan obtained Ms. Tran's examination under oath testimony on
      November 11, 2004.[34]

47.   An interpreter, as well as a representative of Ms. Tran's counsel, Attorney John
      Lee Diaz, were present for Ms. Tran's examination under oath.

48.   Ms. Tran reported being in a prior motor vehicle accident, which occurred on
      March 21, 2004, just three months prior to the June 5, 2004 accident.[35]

49.   With regard to the March 21, 2004 accident, Ms. Tran testified that she had
      suffered back and head injuries, and received treatment at Corner Chiropractic.[36]

50.   Ms. Tran testified that she had treated at Corner Chiropractic for approximately
      two months, meaning she would have been receiving chiropractic treatment
      approximately one month prior to initiating treatment at Spine Care for the June 5,
      2004 accident.[37]

---

[33] Metropolitan denial letter to the Defendants dated March 8, 2005 ("T. Le Denial Letter"), hereafter attached as Exhibit "20."

[34] Meo Thi Tran Examination Under Oath Transcript ("M. Tran Transcript"), hereafter attached as Exhibit "21."

[35] Id. at p. 59 (lines 6-16).

[36] Id. at pp. 59 (lines 22-24), 60 (line 1),  61 (lines 3-6).

[37] Id. at pp. 61-62.

51.   Ms. Tran testified that Dr. Huynh did not question her regarding previous motor
      vehicle accidents. If he had, Ms. Tran reported she most certainly would have
      informed Dr. Huynh of her previous motor vehicle accident.[38]

52.   Although Dr. Huynh did not ask Ms. Tran about her treatment history or previous
      automobile accidents, Dr. Huynh wrongfully concluded in his narrative report
      that, "Ms. Tran reports experiencing good health prior to the accident. Her prior
      medical history was considered non-contributory."[39]

53.   Notwithstanding Dr. Huynh's failure to adequately inquire about the most recent,
      and basic aspects of Ms. Tran's medical history, the Defendants billed the new
      patient CPT code, 99203, which requires a chiropractor to obtain "a detailed
      history" of a *new* patient, in addition to "a detailed examination" and a "medical
      decision making of low complexity."[40]

54.   Although Ms. Tran cannot speak or read English, Ms. Tran testified that the Spine
      Care staff required her to sign a document, written in English, which was not
      explained to her at the time she signed it.[41]

55.   Upon information and belief, the document referred to in ¶54 was an "Assignment
      of Proceeds, Lien and Authorization" signed by Ms. Tran and witnessed by a
      Spine Care employee on June 7, 2004, the date of Ms. Tran's initial visit to Spine
      Care.[42]

---

[38] Id. at p. 63 (lines 1-9).

[39] Dr. Huynh Narrative Report regarding Meo Thi Tran, dated September 16, 2004 ("M. Tran Narrative Report"),
hereafter attached as Exhibit "22"; Dr. Huynh Initial Case Summary regarding Meo Thi Tran ("M. Tran Initial
Summary"), hereafter attached as Exhibit "23."

[40] See Exhibit 2, p. 9.

[41] M. Tran Transcript, p. 44 (lines 16-21).

[42] Meo Thi Tran Assignment of Proceeds, Lien and Authorization Form ("M. Tran Assignment"), hereafter attached
as Exhibit "24."

10

56.    Notably, the Assignment transferred Ms. Tran's legal and contractual rights for insurance benefits to the Defendants, without Ms. Tran's consent.[43]

57.    With the Defendants' rights to Ms. Tran's Metropolitan-issued Personal Injury Protection ("PIP") benefits, Dr. Huynh prescribed and implemented an extensive, yet fraudulent treatment protocol.[44]

58.    In discussing her course of treatment, Ms. Tran denied ever receiving manipulations from Dr. Huynh, or any other licensed chiropractor.[45]

59.    It is clear that Ms. Tran was not confused by the form of the question, as Ms. Tran distinguished between the lack of "treatments" personally provided by Dr. Huynh, and the limited instances in which Dr. Huynh merely "examined" the extent of Ms. Tran's injuries.[46]

60.    Despite the fact that Ms. Tran denied ever receiving manipulations or any other treatment personally administered by Dr. Huynh, the Defendants fraudulently billed for eight (8) manipulations, three (3) trigger-point therapies, and twelve (12) massage therapies, all of which require a licensed chiropractor or physical therapist to have direct, one-on-one patient contact.[47]

61.    Based upon this fraudulent conduct, Metropolitan denied the Defendants' claims for payment, and advised the Defendants, in writing, the basis for Metropolitan's position.[48]

---

[43] M. Tran Transcript, p. 44 (lines 16-21); M. Tran Assignment.
[44] Dr. Huynh Treatment Protocol, Chief Complaint Form, Physical Examination Forms, and Patient Progress Reports ("M. Tran Medical Records"), hereafter attached as Exhibit "25."
[45] M. Tran Transcript, p. 50 (lines 9-16).
[46] Id. at p. 50 (lines 9-22).
[47] Id.; Spine Care Itemized Bills and HICF Bills regarding Meo Thi Tran ("M. Tran Bills"), hereafter attached as Exhibit "26"; See also, Exhibit 2, p. 298 (use of CPT code 97124—massage—requires a physician or therapist to have direct, one-on-one patient contact).
[48] See, M. Huynh Denial Letter, Exhibit 9.

62.    Regarding Muoi Thi Huynh, previously discussed in ¶¶ 9-19, not only did the
       Defendants falsely provide treatments for fictitious injuries, but they also billed
       for modalities of treatment that were never provided to Ms. Huynh.

63.    Ms. Huynh testified that Dr. Huynh only placed his hands on her during the first
       and last treatment visits.[49]

64.    In those two instances, Ms. Huynh characterized Dr. Huynh's activities as
       examinations of her injuries, rather than actual treatment.[50]

65.    Despite Ms. Huynh's under oath assertions refuting Dr. Huynh's personal
       treatment of her injuries—both actual and fictitious—the Defendants fraudulently
       billed for nine (9) manipulations, twenty-two (22) massages, and one (1) trigger-
       point therapy.[51]

66.    All thirty-two (32) treatments billed for by Dr. Huynh required Dr. Huynh or
       another licensed chiropractor or physical therapist to have direct, one-on-one
       contact with Ms. Huynh,[52] which was denied by Ms. Huynh.

67.    Patient, Anh Bui, Claim WBB94815, sought treatment with the Defendants for
       injuries allegedly resulting from a motor vehicle accident on May 21, 2004.

68.    This was the same motor vehicle accident involving Thanh Le. See, ¶¶ 29-41.

69.    Metropolitan obtained Mr. Bui's examination under oath testimony on December
       21, 2004.[53]

70.    Mr. Bui did not require an interpreter during the examination under oath.

---

[49] M. Huynh Transcript, p. 35 (lines 8-23).
[50] Id.
[51] M. Huynh Bills, Exhibit 8.
[52] See, Exhibit 2, p. 298-300.
[53] Anh Bui Examination Under Oath Transcript ("A. Bui Transcript"), hereafter attached as Exhibit "27."

12

71.  Mr. Bui was not represented during the examination under oath; however, Mr. Bui's right to counsel and resulting suspension of the examination was fully explained. Mr. Bui knowingly and willfully agreed to the examination.[54]

72.  Mr. Bui confirmed that he had been involved in a previous motor vehicle accident, although Mr. Bui was uncertain of the date of that accident.[55]

73.  Mr. Bui's previous accident actually occurred on March 19, 2004, just two months prior to the May 21, 2004 accident.[56]

74.  Mr. Bui confirmed that he had treated with the Defendants for injuries allegedly sustained in the March 19, 2004 accident. Mr. Bui further testified that he completed that particular course of treatment just one week prior to seeking treatment with the Defendants for the May 21, 2004 accident.[57]

75.  Although Dr. Huynh did not provide a narrative report regarding Mr. Bui's treatment, Dr. Huynh's Initial Case Summary makes no mention of Mr. Bui's previous accident, or the fact that Mr. Bui had treated, at Spine Care, only one week prior to the date Dr. Huynh completed his Initial Case Summary.[58]

76.  Mr. Bui testified that upon returning to Spine Care for the May 21, 2004 accident, the staff clearly recognized Mr. Bui.[59]

---

[54] A. Bui Transcript, pp. 4-6.

[55] Id. at p. 13 (lines 1-23).

[56] Liberty Mutual Insurance Company has reported that Anh Bui made a claim for PIP benefits under Claim 1010865886505, as a result of medical expenses allegedly incurred by treating with Spine Care and Dr. Huynh; Id. at p. 19 (line 6).

[57] A. Bui Transcript, pp. 15, 16 (lines 1-4), 21 (lines 21-24), 22 (lines 1-3).

[58] Dr. Huynh Initial Case Summary regarding Anh Bui, dated June 2, 2004 ("A. Bui Initial Summary"), hereafter attached as Exhibit "28."

[59] A. Bui Transcript, p. 61 (lines 11-17).

13

77.    Mr. Bui further testified that it was the Spine Care staff who assisted him in
       completing his Application for Personal Injury Protection Benefits, which was
       submitted to Metropolitan.[60]

78.    Notwithstanding the Defendants' obvious relationship with Mr. Bui, existing
       knowledge of his medical history, and intentional omission of Mr. Bui's previous
       injuries within the subsequent treatment records, Dr. Huynh fraudulently billed
       CPT code 99203, which requires the chiropractor to obtain "a detailed history" of
       a *new* patient, in addition to "a detailed examination" and a "medical decision
       making of low complexity."[61]

79.    Mr. Bui testified that he was only personally seen by Dr. Huynh on two
       occasions. Mr. Bui denied that Dr. Huynh administered any treatments
       personally, and characterized the two visits as "examinations" of his injuries,
       rather than treatment.[62]

80.    Mr. Bui also testified that Dr. Huynh was not always on the premises during his
       treatment visits. In at least one instance, Mr. Bui requested to see Dr. Huynh and
       was told, "he's probably out for coffee or getting something."[63]

81.    Mr. Bui also denied receiving several of the treatments billed by the Defendants.

82.    Mr. Bui denied ever receiving the mechanical traction—or "rollerbed"
       treatment—and "electrical stimulation" on the same day. In fact, Mr. Bui
       unequivocally testified that whenever he received electrical stimulation, it would

---

[60] Id. at p. 54 (lines 12-24).
[61] Spine Care Itemized Bills and HICF Bills regarding Anh Bui ("A. Bui Bills"), hereafter attached as Exhibit "29"; See, Exhibit 2, p. 9.
[62] A. Bui Transcript, pp. 63 (lines 21-24), 64 (lines 1-19).
[63] Id. at pp. 72 (lines 19-24), 73 (1-13).

14

be accompanied by heat packs, and those two modalities would comprise the entire treatment visit.[64]

83. Mr. Bui also denied ever receiving a physical massage, where anyone from Spine Care actually applied their hands to Mr. Bui's body.[65]

84. In stark contradiction to the treatments confirmed by Mr. Bui, the Defendants billed for both electrical stimulation and mechanical traction on June 7, 11, 18, as well as July 1 and 7.[66]

85. The Defendants also fraudulently billed for three (3) manipulations and five (5) massage therapies, for a total of eight (8) treatments requiring Dr. Huynh to have direct, one-on-one patient contact, yet he only saw Mr. Bui twice, and they were for the purposes of examination, not treatment.[67]

86. Through an Assignment of Proceeds, the Defendants submitted their fraudulent bills to Metropolitan in an attempt to wrongfully obtain PIP proceeds covered under a Metropolitan automobile insurance policy.[68]

87. The Defendants' fraudulent bills were supported by false treatment notes and records, which were intentionally designed to mislead Metropolitan into believing that Mr. Bui's treatments at Spine Care were necessary and reasonable.[69]

---

[64] Id. at pp. 65 (lines 17-24), 66 (lines 1-3, 18-24), 67 (lines 1-2), 69 (lines 2-9).
[65] Id. at p. 66 (lines 15-17).
[66] A. Bui Bills, Exhibit 29.
[67] Id.; See, Exhibit 2, p. 298 - 300.
[68] Spine Care correspondence to Metropolitan, dated August 24, 2004 ("Spine Care PIP Demand for A. Bui") and Assignment of Proceeds, Lien and Authorization Form signed by Anh Bui and witnessed by Christina Nguyen on June 2, 2004 ("A. Bui Assignment of Proceeds"), hereafter attached as Exhibit "30."
[69] Dr. Huynh Treatment Protocol, Chief Complaint Form, Physical Examination Form, and Patient Progress Reports regarding Anh Bui's May 21, 2004 accident ("A. Bui Medical Records"), hereafter attached as Exhibit "31."

88.   Based upon this fraudulent conduct, Metropolitan denied the Defendants' claims
      for payment, and advised the Defendants, in writing, the basis for Metropolitan's
      position.[70]

89.   Regarding Steven Nguyen, previously discussed in ¶¶ 20-31, with regard to
      fictitious injuries, the Defendants also fraudulently billed for modalities of
      treatment never provided to Mr. Nguyen.

90.   During his examination under oath, Mr. Nguyen denied ever receiving a physical
      massage, where a licensed chiropractor/physical therapist actually touched him.[71]

91.   The Defendants fraudulently billed for twenty-three (23) massage therapies.[72]

92.   Mr. Nguyen denied receiving infrared treatment, even after being shown
      photographs of the instrument in the Spine Care clinic.[73]

93.   The Defendants fraudulently billed for sixteen (16) infrared treatments.[74]

94.   While Mr. Nguyen reported to have only seen Dr. M. Nguyen one time and Dr.
      Huynh three times, the Defendants fraudulently billed for forty (40) treatments
      requiring a licensed chiropractor/therapist to have direct, one-on-one patient
      contact, or *10 treatments for each of the four confirmed visits with a licensed
      chiropractor.*[75]

95.   Patient, Nhut Cao, Claim WBB98985, sought treatment from the Defendants for
      injuries allegedly sustained in a motor vehicle accident that occurred on June 26,
      2004.

---

[70] See, T. Le Denial Letter, Exhibit 20.
[71] S. Nguyen Transcript, pp. 55 (lines 3-17), 73 (2-18).
[72] S. Nguyen Bills, Exhibit 13.
[73] Id. at p. 61 (lines 1-5).
[74] A. Bui Bills, Exhibit 13.
[75] Id. (23 massages [97124], 16 manipulations [98940-98943], and 1 trigger-point therapy [97140-25]); See Exhibit 2, p. 298-300.

16

96.  Metropolitan obtained Mr. Cao's examination under oath testimony on December
     15, 2004.[76]

97.  Mr. Cao did not need the assistance of an interpreter, and was represented by
     Attorney Guy F. Caruso.

98.  Mr. Cao testified that he was involved in another motor vehicle accident on June
     25, 2004, less than twenty-four hours prior to the June 26 accident.[77]

99.  Although Mr. Cao did not allege any injuries from the June 25, 2004 accident, Dr.
     Huynh's narrative report and initial case summary are silent as to the prior
     accident, and presumptuously conclude that Mr. Cao's medical history was "non-
     contributory" and that Mr. Cao's alleged injuries were a result of the June 26,
     2004 accident.[78]

100. Dr. Huynh's narrative report also fails to mention that Mr. Cao had previously
     been a patient of the Defendants for injuries allegedly sustained in an accident on
     June 9, 2001.[79]

101. Although Dr. Huynh had treated Mr. Cao within the last three years, and failed to
     discover that his patient had two motor vehicle accidents within twenty-four
     hours, the Defendants fraudulently billed a new patient CPT code 99203, which
     requires the chiropractor to obtain "a detailed history" of a *new* patient, in

---

[76] Nhut Cao Examination Under Oath Transcript ("N. Cao Transcript"), hereafter attached as Exhibit "32."
[77] N. Cao Transcript, pp. 63 (line 24), 64-66.
[78] Dr. Huynh Narrative Report ("N. Cao Narrative Report") and Initial Case Summary regarding Nhut Cao ("N. Cao Initial Summary"), hereafter attached as Exhibit "33."
[79] N. Cao Narrative Report, Exhibit 33; Nhut Cao had previously treated at Spine Care for injuries relating to a June 9, 2001 accident, whereby a claim for PIP benefits was submitted to Fireman's Fund, Claim Number 6200105261801.

17

addition to "a detailed examination" and a "medical decision making of low complexity."[80]

102.   Mr. Cao testified that he did not see Dr. Huynh for each visit, and that "the girl" would ask him his subjective complaints for that particular day, and then "pick" which "machine" to use.[81]

103.   It is a violation of the Massachusetts Chiropractic Rules of Professional Conduct for a chiropractor to delegate his professional responsibilities, and allow unlicensed staff to (a) render opinions about a patient's current status or prognosis, and (b) modify a specific treatment procedure without the prior approval of the chiropractor.[82]

104.   Mr. Cao denied ever receiving infrared treatments from Spine Care during the treatment period[83]

105.   Mr. Cao claimed to have only been provided a physical massage by an unidentified doctor one time.[84]

106.   The medical records and notes submitted by the Defendants fraudulently depict the administration of these fictitious treatments.[85]

107.   Despite Mr. Cao's denial of infrared treatment and receipt of only one administered massage, the Defendants fraudulently billed for twenty-five (25) massage therapies and fifteen (15) infrared treatments.[86]

---

[80] Spine Care Itemized Bills, HICF Bills, and Assignment of Proceeds, Lien and Authorization Form regarding Nhut Cao ("N. Cao Bills"), hereafter attached as Exhibit "34"; See, Exhibit 2, p. 9.

[81] N. Cao Transcript, pp. 52 (lines 8-24), 53 (lines 11-24).

[82] See, 233 CMR 4.03(c), (e).

[83] Id. at pp. 55 (lines 16-24), 56 (lines 1-9).

[84] Id. at p. 55 (lines 8-14).

[85] Dr. Huynh Treatment Protocol, Physical Examination Forms, and Patient Progress Reports regarding Nhut Cao ("N. Cao Medical Records"), hereafter attached as Exhibit "35."

[86] N. Cao Bills, Exhibit 34; See, Exhibit 2, p. 298 - 300

18

108.   Not only did the Defendants bill for fictitious treatments, but they also
       fraudulently billed for two discharge examinations relating to Mr. Cao, within a
       five-day period.[87]

109.   Based upon this fraudulent conduct, Metropolitan denied the Defendants' claims
       for payment, and advised the Defendants, in writing, the basis for Metropolitan's
       position.[88]

## Improper Coding for Initial Patient Exams

110.   The American Medical Association has established that *New Patient Examination
       CPT Codes* may only be used for patients that have "not received any professional
       services from the physician, or another physician of the same specialty who
       belongs to the same group practice, within the past three years."[89]

111.   Through the use of insurance industry databases, the following list of patients[90]
       have, in fact, previously treated with Dr. Huynh and Spine Care and in certain
       instances have submitted claims to other carriers within three years of obtaining
       treatment relating to a subsequent Metropolitan-covered PIP claim.  In each
       instance, the Defendants fraudulently billed Metropolitan using the new patient
       CPT codes:

|           | PATIENT     | DATES OF LOSS            | INSURER                        | CLAIM NOS.                |
| --------- | ----------- | ------------------------ | ------------------------------ | ------------------------- |
| •         | Anh Bui     | 03/19/2004<br>05/21/2004 | Liberty Mutual<br>Metropolitan | 1010865886505<br>WBB94815 |
| •         | Thuy Nguyen | 04/15/2002               | Peoples Service                | 000056386004              |

---

[87] N. Cao Bills, Exhibit 34 (CPT code 99214-25 billed on 9/24/05 and again on 9/29/05); N. Cao Medical Records, Exhibit 35 (Patient Progress Reports for 9/24/05 and 9/29/05)

[88] Metropolitan Correspondence to Dr. Huynh, dated January 11, 2005 ("N. Cao Denial Letter"), hereafter attached as Exhibit "36."

[89] Exhibit 2, p. 1.

[90] This is not exhaustive, but rather provides the most egregious examples of the Defendants' malfeasance.

19

|   |   | 04/09/2004 | Metropolitan | WBB83702 |
|---|---|---|---|---|
| • | Hoang Nguyen | 06/10/2001 | One Beacon | 0BG09737X0308 |
|   |   | 04/09/2004 | Metropolitan | WBB83702 |
| • | Minh Doan | 10/24/2003 | Arbella | 000500141202 |
|   |   | 08/22/2004 | Metropolitan | WBC05727 |
| • | Thuy Tran | 12/06/2003 | Safety | 0001514175AC |
|   |   | 7/28/2004 | Metropolitan | WBC01601 |
| • | Dung Le | 10/31/2002 | Liberty Mutual | 1010860510401 |
|   |   | 12/26/2004 | Metropolitan | WBC26795 |
| • | My Khiet | 11/22/2002 | Liberty Mutual | 1010860770102 |
|   |   | 08/08/2004 | Metropolitan | WBC03456 |
| • | Ahn Nguyen | 04/13/2002 | Peoples Service | 000056385004 |
|   |   | 10/01/2004 | Metropolitan | WBC12384 |
| • | Toan Tran | 05/11/2002 | Metropolitan | CRB05313 |
|   |   | 10/11/2002 | Metropolitan | CRB20924 |
| • | Nhut Cao | 06/09/2001 | Fireman's Fund | 6200105261801 |
|   |   | 06/26/2004 | Metropolitan | WBB98985 |

## Improper Relationships with Attorneys

112.   Based on information and belief, Dr. Huynh has been personally involved in

establishing attorney-client relationships between local personal injury attorneys

and Spine Care patients.

113.   Steven Nguyen, Claim WBC14443, testified that Dr. Huynh personally referred

him to Attorney Mitchell Katzman, of Katzman & Katzman, P.C.  Other than Dr.

Huynh's referral, Mr. Nguyen had never heard of Attorney Katzman.[91]

---

[91] S. Nguyen Transcript, pp. 73 (lines 18-24), 74-75, 76 (lines 12-14), Exhibit 10.

114.  Steven Nguyen further testified that Dr. Huynh arranged a meeting between Steven Nguyen, Attorney Katzman, and Dr. Huynh, which took place at Spine Care.[92]

115.  Mr. Nguyen claims that during this meeting, Attorney Katzman acquired information regarding Mr. Nguyen's motor vehicle accident.[93]

116.  Other than the first meeting at Spine Care, Mr. Nguyen never saw or spoke to either Attorney Katzman or anyone from Attorney Katzman's office until he sat next to Attorney Tracy during his examination under oath.[94]

117.  Anh Bui, Claim WBB94815, testified that Dr. Huynh had originally referred him to Attorney Ronald Pinson of the Law Offices of Ronald G. Pinson, Jr., with regard to Mr. Bui's first accident, which occurred on March 19, 2004.[95]

118.  Mr. Bui further testified that he had asked Dr. Huynh if it would be alright to use Attorney Pinson for his May 21, 2004 accident. According to Mr. Bui, Dr. Huynh told Mr. Bui that since Attorney Pinson was "still doing your other one," Mr. Bui should find a different attorney for his most recent accident.[96]

119.  Not only did Dr. Huynh refer Mr. Bui to an attorney, but he also informed both Mr. Bui and Thanh Le (same claim) of the need to treat beyond the $2,000.00 tort threshold in order to make a claim for bodily injury.[97]

---

[92] Id.
[93] Id.
[94] Id. at p. 75 (lines 18-21).
[95] A. Bui Transcript, pp. 75 (lines 13-24), 76 (1-19).
[96] Id. at p. 76 (lines 4-11).
[97] A. Bui Transcript, p. 80 (lines 10-22), Exhibit 10.

21

120.    Thanh Nguyen, Claim WBB99010, sought treatment with the Defendants for
        injuries allegedly suffered in a motor vehicle accident that occurred on July 10,
        2004.

121.    Metropolitan obtained Thanh Nguyen's examination under oath testimony on
        October 20, 2004. An interpreter was present for the examination.[98]

122.    Thanh Nguyen was represented by Attorney Mitchell Katzman. Although
        Attorney Katzman was informed of the date of the examination, he chose not
        appear with his client. Thanh Nguyen was informed of her right to suspend the
        examination, but knowingly and willfully chose to proceed without her counsel
        present.[99]

123.    Thanh Nguyen confirmed that she had been involved in a number of motor
        vehicle accidents, and had been represented by a number of different attorneys.[100]

124.    Through a review of the various insurance industry databases, Thanh Nguyen has
        been involved in the following prior motor vehicle accidents and was represented
        by the following attorneys:

        (a)    1/4/2002; Attorney Dane Shulman; Horace Mann Claim
               075000000000135 and Safety Claim 0001321707AC

        (b)    4/28/2002; Attorney Robert Ahearn; Sentry Insurance Claim 18A836657C

        (c)    10/31/2002; Attorney Ronald Pinson; Liberty Mutual Claim 2947333

125.    Attorney Robert Ahearn has represented Spine Care in litigation against
        Metropolitan relating to claims for PIP proceeds pursuant to M.G.L. c.90,
        §34M.[101]

---

[98] Thanh Nguyen Examination Under Oath Transcript ("T. Nguyen Transcript"), hereafter attached as Exhibit "37."
[99] Id. at pp. 4-6.
[100] Id. at pp. 14-16, 37 (lines 14-24), 38 (lines 1-19).

126. Notwithstanding Thanh Nguyen's numerous relationships with local personal injury attorneys, Thanh Nguyen testified that she sought an attorney referral from Dr. Huynh, who provided her with Attorney Mitchell Katzman's business card.[102]

127. Duong Le, Claim WBB99010, who was involved in the same accident as Thanh Nguyen and treated with the Defendants, also provided testimony under oath.[103]

128. Duong Le testified that his attorney, Mitchell Katzman, "went to the rehab place and talked to my mom about the case."[104]

129. Duong Le further testified that the meeting between his mother and "the lawyer" occurred at the Spine Care clinic and was arranged by "the doctor."[105]

## Continuing Pattern of Fraudulent Conduct

130. The Defendants' fraudulent conduct has not been limited to recent patients, but has been ongoing since at least 2001.

131. By way of example only, both Linda Le and Son Khac Vu, Claim CRA67554, sought treatment from the Defendants for injuries allegedly sustained in a motor vehicle accident that occurred on July 22, 2001.

132. Metropolitan obtained Linda Le's examination under oath testimony on January 15, 2002. Attorney Joan Altamore from the Law Offices of Dane Shulman, was present on behalf of Linda Le. An interpreter was present.

133. While Dr. Huynh's narrative report regarding Linda Le states that Ms. Le struck her head upon the steering column, as well as suffering chest pain, Ms. Le denied

---

[101] Notice of Small Claims Trial, Spine Care & Therapy v. MetLife Auto & Home, Dorchester District Court, Small Claims Session, and Attorney Ahearn correspondence to the Dorchester Small Claims Clerk, dated May 19, 2005, hereafter attached as Exhibit "38."

[102] T. Nguyen Transcript, pp. 37 (lines 14-24), 38 (lines 1-14).

[103] Duong Le Examination Under Oath Transcript ("Duong Le Transcript"), hereafter attached as Exhibit "39."

[104] Id. at p. 37 (lines 17-22).

[105] Id. at pp. 37 (lines 23-24), 38 (lines 1-21).

striking the steering column with any part of her body, nor suffering any noticeable chest pain.[106]

134. Linda Le also denied receiving massages administered by hand, and similarly denied receiving any whirlpool treatments.[107]

135. Notwithstanding Ms. Le's testimony to the contrary, the Defendants fraudulently billed for seven (7) massage treatments and seven (7) whirlpool treatments.[108]

136. Interestingly, Linda Le was discharged on September 18, 2001, and then involved in another motor vehicle accident two days later, on September 20, 2001. While Ms. Le chose to retain Attorney Dane Shulman as counsel, she sought treatment at Thomas Physical Therapy, rather than return to Spine Care.[109]

137. During Son Khac Vu's examination under oath, which was also obtained on January 15, 2002, Mr. Vu testified that the only injuries he sustained as a result of the July 22, 2001 accident were to his back and neck.[110]

138. Dr. Huynh's narrative report for Mr. Vu falsely represents that Mr. Vu suffered from chest pain and headaches.[111]

---

[106] Dr. Huynh Narrative Report dated August 20, 2001, regarding Linda T. Le ("L. Le Narrative Report"), hereafter attached as Exhibit "40"; Linda T. Le Examination Under Oath Transcript ("L. Le Transcript"), hereafter attached as Exhibit "41," pp. 52 (lines 9-11) and 58 (lines 4-11).

[107] L. Le Transcript, pp. 66 (lines 17-19), 67 (lines 13-16).

[108] Spine Care Itemized Bills and HICF Bills regarding Linda T. Le ("L. Le Bills"), hereafter attached as Exhibit "42"; See also Dr. Huynh Initial Case Summary, Chief Complaint Form, Work Excuse Forms, Physical Examination Forms, and Patient Progress Reports regarding Linda T. Le ("L. Le Medical Records"), hereafter attached as Exhibit "43."

[109] See L. Le Bills, Exhibit 42; Linda Le submitted another insurance claim to Metropolitan for the September 20, 2001 accident (Claim CRA75009).

[110] Son Khac Vu Examination Under Oath Transcript ("S. Vu Transcript"), hereafter attached as Exhibit "44," pp. 36 (lines 11-14), 37 (lines 1-8).

[111] Dr. Huynh Narrative Report, dated October 3, 2001, regarding Son Khac Vu ("S. Vu Narrative Report"), hereafter attached as Exhibit "45."

24

139. Mr. Vu further testified that the only treatment he ever received was through a "machine," as no chiropractor or staff member ever touched his body with their hands.[112]

140. Despite Mr. Vu's testimony, the Defendants fraudulently billed for five (5) massages, nineteen (19) manipulations, and nine (9) trigger-point therapies, all of which required a licensed chiropractor/therapist to have direct, one-on-one patient contact.[113]

141. It is my belief that the information of all preceding paragraphs establishes an intentional pattern of fraudulent conduct on the part of Dr. Huynh and Spine Care, since its incorporation and continuing through the present.

## METROPOLITAN'S DAMAGES

142. Between January 2001 and the present, Metropolitan was induced to make payments pursuant to M.G.L. c. 90, §34M, to Spine Care and/or Dr. Huynh, in the amount $491,384.13, in total. These payments were made to the Defendants based upon fraudulent and/or fictitious treatments allegedly provided to 162 patients claiming PIP benefits pursuant to a Metropolitan-issued automobile insurance policy.[114]

143. Between January 2001 and the present, Metropolitan has made 107 bodily injury payments, totaling $385,180.00. These payments were predicated upon the

---

[112] Id. at p. 38 (lines 6-10).
[113] Spine Care Itemized Bills and HICF Bills ("S. Vu Bills"), hereafter attached as Exhibit "46"; Dr. Huynh Initial Case Summary, Assignment of Proceeds, Lien and Authorization Form, Chief Complaint Form, Physical Examination Forms, and Patient Progress Reports regarding Son Khac Vu ("S. Vu Medical Records"), hereafter attached as Exhibit "47"; See also, Exhibit 2, p. 298-300.
[114] Checks issued by Metropolitan and cashed by the Defendants, 2001-2004 ("Metropolitan Checks"), are collectively attached as Exhibit "48." (The 239 checks comprising Exhibit 48 total $481,803.07. While Metropolitan's records indicate payments totaling $491,384.13, this minor difference may be rectified when and if Metropolitan can locate the remaining cancelled checks relating to Spine Care).

Defendants' fraudulent medical records, notes, and bills, which wrongfully
represented to Metropolitan that the Spine Care patients had surpassed the
$2,000.00 tort threshold, thereby entitling each patient to make a claim for bodily
injury benefits.[115]

144.   Upon information and belief, every patient who treats with the Defendants' for
injuries sustained in a motor vehicle accident, and complete Dr. Huynh's
prescribed treatment protocol, surpasses the $2,000.00 tort threshold prescribed
by Massachusetts law.

145.   Metropolitan was wrongfully induced into paying a total of $876,564.13 in
combined PIP and Bodily Injury benefits, as a result of the Defendants' fraudulent
conduct.

146.   Taking into consideration subrogation payments paid by Metropolitan to other
insurance carriers, subrogation payments made to Metropolitan by other insurance
carriers, investigation expenses, legal fees, and expense payments, all of which
relate to claimants who treated with the Defendants, Metropolitan's damages,
between 2001 and the present are no less than $805,511.70.

147.   It is clear, based upon a review of patient under oath testimony and the
Defendants' own records, that Dr. Huynh and Spine Care and continually engaged
in a scheme to fraudulently induce Metropolitan into paying unwarranted
insurance proceeds.  It is my belief that Metropolitan is likely to succeed on the
merits against the Defendants, and recover in excess of the existing $800,000.00
attachment.

---

[115] See Table A, which breaks down Metropolitan's total bodily injury damages by claim, hereafter attached as
Exhibit "49."

26

**Signed Under the Pains and Penalties of Perjury this _30_ day of September, 2005.**

Mark O. Huard
Senior Investigator
Metropolitan Property and Casualty Insurance Company