UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 11287 RGS

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff, ) ) ) ) v. ) ) HAI NHU HUYNH and ) SPINE CARE AND THERAPY, INC., ) Defendants. ) | FILED IN OPEN COURT 9-26-05 *Receipt for Docketing* |

*handwritten margin note:* Moot R.b. Stearns DJ 10-12-05

### PLAINTIFF, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY'S, MOTION TO QUASH DEFENDANTS' SUBPOENAS SERVED IN CONJUNCTION WITH THE HEARING ON DEFENDANTS' MOTION TO DISSOLVE *EX PARTE* ATTACHMENTS

The Plaintiff, Metropolitan Property and Casualty Insurance Company ("Metropolitan") submits this motion and respectfully requests that this Honorable Court quash the Defendants keeper of records subpoena served upon Metropolitan, as well as "Schedule A" of the subpoena served upon Mark O. Huard. The Defendants have improperly attempted to compel Metropolitan to produce a large volume of documents in conjunction with the hearing on the Defendants' Motion to Dissolve *Ex Parte* Attachments. While Mass.R.Civ.P. 4.1(i) and 4.2(i) permit parties to such a hearing to adduce testimony and call witnesses, to include the opposing party, it does not provide either party with the right to compel the production of documents or materials. Mass.R.Civ.P. 4.1(i) and 4.2(i). As such, this is a blatant attempt to circumvent the timing and procedures for discovery set forth in Fed.R.Civ.P. 26.

Furthermore, by serving these subpoenas on the Saturday before this hearing (i.e. less than one day's notice), the Defendants have failed to take any reasonable steps to avoid imposing an undue burden on the Plaintiff, as required under Fed.R.Civ.P. 45(c)(1). Therefore, the Court's imposition of a sanction in the form of reasonable attorneys' fees is warranted. Fed.R.Civ.P.

45(c)(1). In further support of its Motion, Metropolitan submits a Memorandum of Law outlining the legal basis for its Motion.

**WHEREFORE**, for the foregoing reasons, Metropolitan Property and Casualty Insurance Company respectfully requests that this Honorable Court quash the subpoena's served upon Metropolitan's Keeper of Records and upon Mark O. Huard, in so far as either subpoena improperly requests the production of documents. Metropolitan further requests that this Honorable Court award its attorney's fees incurred in responding to the subpoenas pursuant to Fed.R.Civ.P. 45(c)(1).

Respectfully submitted,
By the Plaintiff,
Metropolitan Property and Casualty
Insurance Company,
By its attorneys,

Glenda H. Ganem, Esq.
BBO# 564374
Clayton R. Henderson, Esq.
BBO# 659532
McGovern & Ganem, P.C.
21 Merchants Row, 4th Floor
Boston, MA 02451
(617) 723-1444

Date: 9/26/05

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned certifies pursuant to Local Rule 7.1(A)(2), that the moving party has conferred in good faith with opposing counsel on the matters set forth in the foregoing motion in an attempt to resolve or narrow the issues, and reports that the Defendants, Hai Nhu Huynh and Spine Care and Therapy, Inc., have not assented to this motion.

Glenda H. Ganem, Esq.

## CERTIFICATE OF SERVICE

I, Glenda H. Ganem, attorney for the Plaintiff, Metropolitan Property and Casualty Insurance Company, hereby certify that I have this day delivered, in hand, a copy of the within document direct to:

Andrew Nebenzahl, Esq.  
Nebenzahl DuBosque, LLP  
On Post Office Square  
Sharon, MA 01950

James C. Rehnquist, Esq.  
Goodwin Procter  
Exchange Place  
Boston, MA 02109

Signed under the pains and penalties of perjury this 26th day of September, 2005.

_____  
Glenda H. Ganem, Esq.