UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11287-RGS

_____
)
METROPOLITAN PROPERTY AND          )
CASUALTY INSURANCE COMPANY,         )
Plaintiff,                                          )
)
v.                                                   )
)
HAI NHU HUYNH and                        )
SPINE CARE AND THERAPY, INC.,       )
Defendants.                                      )
_____)

**MOTION TO EXTEND DEADLINE FOR FILING DEFENDANTS'
RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISSOLVE PLAINTIFF'S EX PARTE ATTACHMENT UNTIL OCTOBER 18, 2005**

Defendants Hai Nhu Huynh and Spine Care and Therapy, Inc. hereby move for an

extension of the deadline to respond to plaintiff's opposition to defendants' motion to dissolve

plaintiff's *ex parte* attachments until October 18, 2005.  As grounds therefore defendants state as

follows:

1.      During the September 26, 2005 hearing on defendants' motion to dissolve

plaintiff's *ex parte* attachments, this Court agreed on the following supplemental briefing

schedule: plaintiff would submit any supplemental materials in support of the attachments by

September 30, 2005 and defendants would submit their response to these materials by October

14, 2005.

2.      On October 12, 2005, prior to defendants' submitting their response, this Court

entered an order denying defendants' motion to dissolve the attachments.  The order is attached

hereto as Exhibit A.

3.      This ruling created confusion on defendants' part as to whether the Court had intended to consider plaintiff's opposition without having received defendants' response.

4.      In an attempt to eliminate this confusion, defendants sent a letter to the Court by hand and facsimile on October 13, 2005 seeking guidance on whether to file a response or to file a motion for reconsideration.  The letter is attached hereto as Exhibit B.  As of the afternoon of Friday, October 14, 2005, defendants were unable to obtain any clarification.

5.      Defendants attempted to seek plaintiff's assent to this motion, but were unable to do so.  Prior to receipt of the judge's order, however, plaintiff had indicated it was willing to give defendants a one day extension.

6.      Because, at this juncture, defendants are uncertain as to the form the filing should take, they are seeking a short, two-day continuance in the event that the Court's ruling was made unintentionally in the absence of defendants' response.

7.      If the Court did intend to deny defendants' motion to dissolve the *ex parte* attachments, defendants will file a pleading addressing plaintiff's additional submission as a motion for reconsideration in due course.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants respectfully request that the deadline for filing defendants' response to plaintiff's supplemental opposition to defendants' motion to dissolve plaintiff's *ex parte* attachments be extended until October 18, 2005.

Respectfully submitted,

HAI NHU HUYNH and
SPINE CARE AND THERAPY, INC.,

By their attorneys,

/s/ James C. Rehnquist
James C. Rehnquist (BBO# 552602)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000


/s/ Andrew D. Nebenzahl
Andrew D. Nebenzahl (BBO# 368065)
NEBENZAHL│DuBOSQUE, LLP
One Post Office Square
Sharon, MA  02067
(781) 784-2000

Dated:  October 14, 2005

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11287-RGS

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY

v.

HAI NHU HUYNH and
SPINE CARE AND THERAPY, INC.


ORDER ON DEFENDANT'S MOTION
TO DISSOLVE EX PARTE ATTACHMENTS

October 12, 2005

STEARNS, D.J.

After review of the supplemental affidavit of Mark O. Huard and the supporting

exhibits, the court finds that plaintiff Metropolitan Property and Casualty Insurance

Company has established that it will likely succeed on the merits and that its damages

exceed the $800,000 attachment authorized by the court.  Consequently, the motion to

dissolve the ex parte attachment is DENIED with the exception of the attachment on

Sovereign Bank Account No. 649000101102.  The latter account the court finds exempt

from attachment by operation of G.L. c. 246, § 20.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

GOODWIN ; PROCTER

James C. Rehnquist          Goodwin Procter LLP
617.570.1820                Counsellors at Law
jrehnquist@                 Exchange Place
goodwinprocter.com          Boston, MA 02109
                            T: 617.570.1000
                            F: 617.523.1231

October 13, 2005

**By Hand and Facsimile**

The Honorable Richard G. Stearns
c/o Mary H. Johnson, Courtroom Clerk
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 7130
Boston, MA  02210

**Re:     Metropolitan Property and Casualty Company
          v. Hai Nhu Huynh and Spine Care and Therapy, Inc.
          Civil Action No. 05-11287-RGS**

Dear Judge Stearns:

We received electronic notification yesterday afternoon of your order denying defendants'
motion to dissolve the *ex parte* attachments, based on your consideration of the allegations in the
supplemental affidavit of Mark Huard, which was filed on September 30.  We were surprised to
receive this ruling inasmuch as the Court had yet to consider the defendants' response to
plaintiff's supplemental papers, which the parties and the Court had agreed at the hearing on
September 26 would not be due until October 14 (tomorrow) due to defendants' co-counsel
Andrew Nebenzahl being out of the country for 10 days in early October.  The allegations in the
supplemental Huard affidavit – on which this Court based its ruling – differ substantially from
those in plaintiff's original *ex parte* attachment papers, and defendants have never had a chance
to respond to them.  Suffice it to say, defendants have important responses to these new
allegations, and hope to have an opportunity to present them to the Court.

I write to inquire as to whether it is possible there was confusion as to whether our response to
plaintiff's supplemental filing would be forthcoming.  If so, we would like the opportunity to file
our response for the Court's consideration.  If not, we will instead file a motion for
reconsideration.

GOODWIN PROCTER

The Honorable Richard G. Stearns
October 13, 2005
Page 2

I will follow up on this letter with Ms. Johnson.  If the Court or Ms. Johnson have any questions please do not hesitate to call me at the number referenced above.

Very truly yours,

*James C. Rehnquist*

James C. Rehnquist

JCR/ng

cc:     Glenda H. Ganem, Esq. *(by facsimile)*
        Andrew D. Nebenzahl, Esq. *(by facsimile)*