UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11287-RGS

_____
                                    )
METROPOLITAN PROPERTY AND           )
CASUALTY INSURANCE COMPANY,         )
Plaintiff,                          )
                                    )
v.                                  )
                                    )
HAI NHU HUYNH and                   )
SPINE CARE AND THERAPY, INC.,       )
Defendants.                         )
_____)

## DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY TO METROPOLITAN'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants' Hai Nhu Huynh and Spine Care and Therapy, Inc. ("Spine Care") hereby request leave to file a short reply in response to plaintiff's opposition to defendants' motion to dismiss pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6). As grounds therefore, defendants state as follows:

A reply is necessary to present the Court with an accurate portrayal of the relevant case law, including a directly relevant First Circuit case, Karvelis v. Melrose-Wakefield Hospital, 360 F.3d 220 (1st Cir. 2004), that is not cited in plaintiff's opposition brief.

Respectfully submitted,

HAI NHU HUYNH and
SPINE CARE AND THERAPY, INC.,

By their attorneys,

_/s/_James C. Rehnquist_____
James C. Rehnquist (BBO# 552602)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000


__/s/ Andrew D.Nebensahl_____
Andrew D. Nebenzahl (BBO# 368065)
NEBENZAHL│DuBOSQUE, LLP
One Post Office Square
Sharon, MA  02067
(781) 784-2000

October 19, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATE

The undersigned certifies pursuant to Local Rule 7.1(A)(2), that the moving party has conferred in good faith with opposing counsel on the matters set forth in the foregoing motion in an attempt to resolve or narrow the issues and reports that the plaintiff, Metropolitan Property and Casualty Insurance Company, has not assented to this motion.

_/s/_James C. Rehnquist_____

LIBA/1639849.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11287-RGS

)
METROPOLITAN PROPERTY AND )
CASUALTY INSURANCE COMPANY, )
Plaintiff, )
)
v. )
)
HAI NHU HUYNH and )
SPINE CARE AND THERAPY, INC., )
Defendants. )
)

**REPLY TO METROPOLITAN'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Defendants hereby submit this reply to Plaintiff, Metropolitan Property and Casualty Insurance Company's Opposition to the Defendants' Motion to Dismiss ("Opp.").

**1.    Metropolitan Is Not Entitled to a Relaxation of Rule 9(b)'s Requirements.**

Metropolitan's response to defendants' Rule 9(b) argument is to urge the Court to apply a "relaxed" Rule 9(b) standard. Opp. at 6-9. But the First Circuit has never condoned a relaxation of Rule 9(b)'s requirements in a context similar to this one.

Metropolitan argues that the standard should be relaxed for two reasons: (1) because the alleged fraudulent scheme was "complex" and occurred over a period of several years, Opp. at 6-8; and (2) because the facts necessary to satisfy Rule 9(b)'s requirements are "peculiarly within the defendants' control," Opp. at 7-8. The first argument can be dealt with summarily. The First Circuit has considered and rejected the notion that a plaintiff should be relieved of his burden of proving fraud with particularity because he alleges a "complex" scheme. *Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 n. 14 (1st Cir. 2004). Metropolitan relies principally on one

pre-*Karvelas* case from this district – *United States ex. rel. Franklin v. Parke-Davis*, 147 F. Supp. 2d 37 (D. Mass. 2001) – that suggests the existence of a "complexity" exception. The case is of dubious precedential value in light of *Karvelas*, but in any event presents a significantly more challenging pleading hurdle than the one Metropolitan claims to face here. In *Franklin*, the Court noted that defendants were insisting that plaintiff identify (presumably thousands) of individual drug prescriptions that were submitted to the government for payment. 147 F. Supp. 2d at 49. The Court held that such pleading "would be extremely ungainly, if not impossible," and refused to require this level of particularity. *Id.* The Court acknowledged, however, that the result might have been different if, as is the case here, plaintiff had pre-discovery access to the particulars of the prescription information. *Id.*

Metropolitan's reliance on the "facts peculiarly within the defendants' control" exception is equally misplaced. First, it is abundantly clear here – even on the face of the Complaint – that the facts necessary to particularize Metropolitan's fraud allegation (to the extent such facts exist) are <u>not</u> peculiarly within defendants' control. The Complaint makes numerous references to defendants' treatment and billing records, which Metropolitan has, and to the testimony of patients that Metropolitan has obtained pursuant to its right under the standard form insurance contract to conduct "examinations under oath" (EUOs) of insurance claimants. Complaint ¶¶ 14, 16, 47, 57, 91-117. The treatment and billing records, combined with access to EUO testimony from patients, gave Metropolitan all the information it needed to satisfy Rule 9(b), yet it still failed. Courts in this district have confined this Rule 9(b) exception to situations where the facts truly are in defendants "exclusive control." *See M&I Heat Transfer Products, Ltd. v. Wilkie*, 131 F. Supp. 256, 261 (D. Mass. 2001) (refusing to relax pleading obligations under Rule 9(b) where plaintiff had opportunity in previous proceedings to obtain information, and therefore "information needed to properly plead fraud is not in the exclusive control of defendants"). *See*

2

*also Franklin*, 147 F. Supp. at 49 (where a plaintiff "has access to the information regarding the alleged false claims, merely alleging a fraudulent scheme may not be enough").

Second, even if the "facts peculiarly within defendants' control" exception were applicable, Metropolitan's Complaint would still fail. Even under a "relaxed" Rule 9(b) standard, courts in this circuit have not absolved plaintiffs of defects as fundamental as those in Metropolitan's Complaint, which not only fails to identify a single fraudulent statement but alleges no facts demonstrating that any false statements were knowingly made. In *In re Lupron Marketing and Sales Practices Litigation*, 295 F. Supp. 2d 148 (D. Mass. 2003), for example, this Court held that where the complaint adequately specified the nature of the alleged false statements, a relaxed standard would be applied to allegations regarding the mailings and wire transmissions that were elements of the alleged RICO predicate acts. *Id.* at 169-71. Courts have not excused more basic defects, such as those in Metropolitan's Complaint. *See Blacksmith Investments LLC v. Cives Steel Co., Inc.*, 228 F.R.D. 66, 73 (D. Mass. 2005) (facts supporting "knowledge" inference must be properly pleaded "even when the fraud relates to matters peculiarly within the knowledge of the opposing party") (citations omitted).

Metropolitan also argues that its Complaint should not be dismissed because defendants "have been made aware of the particular allegations for which they will have to prepare a defense." Opp. at 11. Metropolitan cites *Franklin* as embodying this principle, and implies that even if the Complaint does not satisfy Rule 9(b), its defects can be cured by the complaint Metropolitan filed against defendants in the Massachusetts Division of Licensure and the materials submitted in support of Metropolitan's Supplemental Opposition to Dissolve *Ex Parte* Attachments. Opp. at 11-12. This argument fails for at least two reasons. First, while the Court in *Franklin* did consider material beyond the four corners of the Complaint in conducting its Rule 9(b) analysis, it specifically noted that the additional material – the evidentiary disclosure

required by statute to accompany False Claims Act complaints – was referenced in the Complaint and thus, under settled law, was part of the pleadings. *Id.* at 47-48. Neither of the submissions Metropolitan attempts to "incorporate" here were referenced in its Complaint. Second, it would be perverse if a plaintiff could file a defective complaint, obtain *ex parte* attachments due to the pendency of a defective complaint, and then cure the defective complaint – and thereby perpetuate the attachments – by a *post hoc* "incorporation" of additional materials that were not in the original complaint.

Metropolitan's fraud claims should be dismissed, without leave to amend. It filed a defective complaint even though it had access to all the information it needed to satisfy Rule 9(b), if such information existed, and did so for the apparent purpose of exerting maximum economic pressure on defendants. It is far from coincidental that Metropolitan's Complaint to the Division of Licensure, on which it now attempts to rely in this Court, was filed on June 14, 2005, six days before the filing of the Complaint and request for *ex parte* attachments in this action. In these circumstances, Metropolitan's fraud claims should be dismissed and leave to amend should not be granted.

## CONCLUSION

For the reasons presented here and in defendants' original brief, plaintiff's fraud claims should be dismissed.

        Respectfully submitted,

        HAI NHU HUYNH and
        SPINE CARE AND THERAPY, INC.,

        By their attorneys,

        /s/ James C. Rehnquist
        James C. Rehnquist (BBO# 552602)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, MA 02109
        (617) 570-1000

        /s/ Andrew D. Nebenzahl
        Andrew D. Nebenzahl (BBO# 368065)
        NEBENZAHL │ DuBOSQUE, LLP
        One Post Office Square
        Sharon, MA 02067
        (781) 784-2000

October 19, 2005

LIBA/1639666.1