UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 11287 RGS

| | |
|---|---|
| METROPOLITAN PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAI NHU HUYNH and | ) |
| SPINE CARE AND THERAPY, INC., | ) |
| Defendants. | ) |

**PLAINTIFF, METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION
FOR LEAVE TO FILE REPLY TO METROPOLITAN'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

The Plaintiff, Metropolitan Property and Casualty Insurance Company ("Metropolitan")

submits this Opposition to the Defendants' Motion for Leave to File Reply to Metropolitan's

Opposition to Defendant's Motion to Dismiss.

**I.    INTRODUCTION**

The Defendants' have seemingly premised their entire basis for leave to file a reply solely

on U.S. ex rel. Karvelas v. Melrose-Wakefield Hospital, 360 F.3d 220 (1st Cir. 2004), a case

cited by neither party in their previously submitted motions, as it is irrelevant to the issues

presented in the case at bar. Despite this fact, the Defendants reserve only **one sentence**, of a

five-page reply, for the analysis of Karvelas; and that was limited to addressing a one-word quote

in Footnote 14 of the Karvelas Court's **twenty-three page** ruling. In doing so, the Defendants

completely fail to demonstrate that the holding in Karvelas in any way adversely affects the

holdings and rationale of existing First Circuit cases cited by Metropolitan in its Opposition to

the Defendants' Motion to Dismiss, or that Metropolitan's Complaint fails to comply with the

particularity requirements of Fed.R.Civ.P. 9(b), as set forth in those cases, as well as in Karvelas. As such, the Defendants' Motion for Leave should be denied, and their Reply to Plaintiff's Opposition to the Defendants' Motion to Dismiss should be stricken. Notwithstanding the Defendants failure to analyze Karvelas as it relates to this case, Metropolitan takes this opportunity to address and distinguish the holding of Karvelas.

## II. LEGAL ANALYSIS

### A. U.S. ex rel. Karvelas v. Melrose-Wakefield Hospital

Based on First Circuit precedent, Fed.R.Civ.P. 9(b) permits fraud to be pled on information and belief, so long as the allegations are plead with particularity, and the complaint sets forth the facts on which the belief is founded. Karvelas, 360 F.3d at 226. (citing New England Data Services, Inc. v. Becher, 829 F.2d 286, 288 (1st Cir. 1987))(quotations omitted); See, Gublo v. Novacare, Inc., 62 F.Supp.2d 347, 354 (D.Mass. 1999); See also, Hayduk v. Lanna, 775 F.2d 441, 444 (1st Cir. 1985)(pleading fraud with specificity requires "the time, place and content of an alleged false representation"(quotation and citation omitted)).

The significance of the holding in Karvelas is that the application of Rule 9(b)'s pleading requirements will not be disregarded when fraud is pled upon information and belief. Karvelas, 360 F.3d at 226, 228-229. Contrary to Defendants' attempts to redefine the holding Karvelas, claiming that the First Circuit rejects the notion of relaxing Rule 9(b)'s pleading requirements in all situations, the Court in Karvelas merely applied the circumstances in which Rule 9(b) might be relaxed for specific allegations brought pursuant to the False Claims Act ("FCA"), 31 U.S.C.A. §1379. Id., at 229-235. The Defendants cannot and do not cite any specific language within Karvelas which even intimates that the First Circuit has abandoned its previous holdings whereby in certain instances Rule 9(b) can be relaxed, and that Rule 9(b)'s specificity

2

requirement can be something other than "fact pleading." See also, United States ex rel. Franklin v. Parke-Davis, 147 F.Supp.2d 39, 47 (D.Mass. 2001).

In Karvelas, the plaintiff brought a *qui tam* action against his employer alleging violations of the FCA. Karvelas, 360 F.3d at 223. The District Court allowed the defendant's motion to dismiss due to the plaintiff's failure to meet the pleading requirements of Fed.R.Civ.P. 9(b), as well as the Plaintiff's failure to state a claim pursuant to Fed.R.Civ.P. 12(b). Id. The Plaintiff subsequently appealed. Id.[1]

Although the Complaint in Karvelas alleged sixteen complex schemes used by the defendants to defraud the government, the plaintiff failed to specifically allege or identify one particular false claim that was submitted to the government. Karvelas, 360 F.3d at 231, n. 14, 232. Notably, the actual submission of a false claim to the government for payment is an element of a claim under the FCA, and therefore, must be specifically pled in order to avoid dismissal pursuant to Fed.R.Civ.P. 12(b)(6). Id., at 232. In analyzing the plaintiff's complaint, the Court in Karvelas found that the plaintiff's detailed discussion of the complex schemes was devoid of any specific allegations regarding the timing of the false claims, the individuals involved, or "set forth the specifics of any one single [false claim] that was sent to the Government to obtain funding." Id., at 233 (internal quotations omitted). The Court also noted that the plaintiff's complaint failed to "provide the source of information and factual basis for his conclusory allegations..." Id.

The plaintiff in Karvelas argued that Rule 9(b)'s requirements, which mandate this information be pled with particularity, should be relaxed, as the information necessary to plead with specificity was particularly "within the possession and control of the defendants." Id., at

---

[1] It should be noted that this "was the second federal lawsuit that Karvelas [had] initiated in connection with [the defendant's] fraudulent activities." Id., at 224, n. 2. The first action had been dismissed, "without prejudice, for failure to state a claim." Id. (citation omitted).

228. The Court in Karvelas held, consistent with its prior holdings, that "Rule 9(b) pleading standards may be relaxed, in an appropriate case, 'when the opposing party is the only practical source for discovering the specific facts supporting a pleader's conclusion.'" Id., at 229 (quoting Boston & Maine Corp. v. Hampton, 987 F.2d 855, 866 (1st Cir. 1993)).

The court noted that this exception was rarely applied to *qui tam* litigation brought pursuant to the FCA, especially when "documents containing the requisite information [are] possessed by other entities" in addition to the defendants. Id., at 229-230 (quoting U.S. ex rel. Russell v. Epic Healthcare Management Group, 193 F.3d 304, 308 (5th Cir. 1999)). In the particular circumstances of Karvelas, where the plaintiff failed to allege an essential element of the cause of action, as well as failed to plead with *any* particularity, the Court simply was unwilling to permit the plaintiff to rely on the defective complaint in hopes that discovery would eventually provide the requisite information to meet the requirements of Rule 9(b). Karvelas, 360 F.3d at 230-231, 235.

The plaintiff also argued that since the fraudulent schemes alleged in the complaint were complex in nature, Rule 9(b)'s requirements should be relaxed. Id. at 231, n. 14. In terms of FCA claims and the plaintiff's *choice* to plead complex schemes without any particulars, the Court in Karvelas rejected this argument, "[a]lthough we do not preclude the possibility of such an exception in a future case." Id.

Whereas the Karvelas Complaint obviously failed to meet the basic requirements of Fed.R.Civ.P. 9(b), by contrast, Metropolitan's Complaint alleges the Defendants' fraudulent scheme with particularity, as well as references the specific sources of information upon which Metropolitan bases its allegations. As such, it clearly meets the requirements of Rule 9(b), as set forth in Karvelas, as well as every other First Circuit case cited within Metropolitan's Opposition

4

to Defendants' Motion to Dismiss. Therefore, a full and fair reading of Karvelas actually supports Metropolitan's contentions and its Opposition to the Defendants' Motion to Dismiss.

## B.   Metropolitan's Complaint Complies with the Requirements of Fed.R.Civ.P. 9(b)

Hereby incorporating by reference the arguments and authorities set forth in its Opposition to the Defendants' Motion to Dismiss, it is clear that Metropolitan's Complaint complies with the requirements of Fed.R.Civ.P. 9(b). Metropolitan, at the outset, alleged the Defendants' fraudulent scheme, in order to provide the Defendants and the Court a context in which it could understand Metropolitan's specific allegations. See, Complaint ¶¶14-85. Unlike the plaintiffs in Karveles and Gublo, who rested on their general allegations, Metropolitan then continues to allege specific examples, by name and claim number, of each type of fraudulent conduct referred to in the more general allegations. See Karveles, 360 F.3d at 235; Gublo, 62 F.Supp.2d at 354; Complaint at ¶¶ 86-126. These specific examples are not based on Metropolitan's information and belief, but rather on the sworn testimony of the Defendants' own patients and the Defendants' medical records, the creation of which was at the sole direction and control of the Defendants.

To the extent certain allegations within Metropolitan's Complaint are based on information and belief, Metropolitan has complied with the particularity requirements of Rule 9(b), as well as the additional requirement that the Complaint set forth the information forming the basis of Metropolitan's beliefs. See Karveles, 360 F.3d at 226; Gublo, 62 F.Supp.2d at 354. Metropolitan's Complaint alleges the timing of the Defendants' fraudulent acts, the place of the fraudulent conduct, and the content of the Defendant's fraudulent misrepresentations. See, Complaint ¶¶ 14-126. As a basis for Metropolitan's well-founded belief that the Defendants' fraudulent activities are present in every claim for insurance proceeds submitted by the

5

Defendants to Metropolitan between 2001 and 2005, Metropolitan's Complaint refers to specific patients and claims, all of which contain the same types of fraudulent activity Metropolitan believes is present in *all* of the Defendants' claims. See, Complaint ¶¶ 86-126. Therefore, Metropolitan's Complaint meets the requirements of Fed.R.Civ.P. 9(b), as applied in the First Circuit. As such, the Defendants' Motion to Dismiss should be denied.

In so much as the Defendants have attempted to argue that the circumstances of this case do not warrant a relaxation of Rule 9(b)'s requirements, it is Metropolitan's position that the Defendants' interpretation and summary of the relevant facts is misguided, as well as misleading. At the outset, it should be noted that Metropolitan's Complaint does not need to rely on a relaxation of Rule 9(b)'s requirements; however, the circumstances surrounding the Defendants' fraudulent activities are precisely the type of situation where the courts have found that a relaxation of Rule 9(b) may be appropriate. See, Karveles, 360 F.3d at 229; U.S. in rel. Franklin v. Parke-Davis, 147 F.Supp.2d 39, 47 (D.Mass. 2001).

Indeed, the Defendants' own Affidavit is completely inconsistent with their argument that patient examination under oath testimony and their own medical records enable Metropolitan to plead each and every instance of fraud, for each and every claim with particularity. Dr. Huynh's most recent Affidavit states, in pertinent part:

> 3. Additionally, it is important to note that regularly, in a chiropractic practice, clinically significant, objective findings are not limited to the areas of [the patient's] complaint. Frequently, injuries in one area can refer pain to a different anatomical area…Also, certain injuries do not manifest into pain. My initial examination, therefore, must attempt to uncover the *true areas of injury* that a patient on his own may not associate with the pain he is feeling. (emphasis added).

See, Docket Number 58, Dr. Huynh Affidavit, ¶ 3.

6

If Dr. Huynh is diagnosing injuries for which the patients do not associate pain,

Metropolitan is therefore precluded from comparing patient examination under oath testimony to

the Defendants' medical records in order to ascertain the Defendants' fraudulent activities.

Reserving the right to dispute the wholly conclusory and self-serving nature of Dr. Huynh's

affidavit, it is clear that the information relating to the specific instances of fraudulent activity for

each claim is peculiarly within the possession and control of the Defendants. Although not

necessary, based on this and other similar inconsistencies in the Defendants' own record keeping,

the relaxation of Rule 9(b)'s requirements in these particular circumstances would be warranted.

## III.   CONCLUSION

Based on the foregoing reasons, the Defendants have proffered no reasonable justification

for seeking leave to file a reply to Metropolitan's Opposition to the Defendant's Motion to

Dismiss. As such, Metropolitan hereby respectfully requests that this Honorable Court deny the

Defendants' Motion for Leave to File a Reply to Metropolitan's Opposition to the Defendants'

Motion to Dismiss, strike the Defendants' Reply to Metropolitan's Opposition to the Defendants'

Motion to Dismiss and award Metropolitan any other relief deemed fair and just.

> Respectfully submitted,
> By the Plaintiff,
> Metropolitan Property and Casualty
> Insurance Company,
> By its attorneys,
>
> Glenda H. Ganem, Esq.
> BBO# 564374
> Clayton R. Henderson, Esq.
> BBO# 659532
> McGovern & Ganem, P.C.
> 21 Merchants Row, 4th Floor
> Boston, MA 02451
> (617) 723-1444

Date: /o/20/05

7

## CERTIFICATE OF SERVICE

I, Glenda H. Ganem, attorney for the Plaintiff, Metropolitan Property and Casualty Insurance Company, hereby certify that I have this day delivered, via facsimile and first class mail, postage prepaid, a copy of the within document direct to:

Andrew Nebenzahl, Esq.
Nebenzahl DuBosque, LLP
One Post Office Square
Sharon, MA 01950

James C. Rehnquist, Esq.
Sheryl Koval, Esq.
Goodwin Procter
Exchange Place
Boston, MA 02109

**Signed under the pains and penalties of perjury this ____ day of October, 2005.**

Glenda H. Ganem, Esq.