UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 11287 RGS

METROPOLITAN PROPERTY AND          )
CASUALTY INSURANCE COMPANY,        )
Plaintiff,                         )
                                   )
v.                                 )
                                   )
HAI NHU HUYNH and                  )
SPINE CARE AND THERAPY, INC.,      )
Defendants.                        )

JOINT STATEMENT AND PROPOSED PRE-TRIAL SCHEDULE

Pursuant to Local Rule 16.1(D), the parties to the above-captioned matter have conferred and submit the following joint statement and proposed pre-trial schedule, in anticipation of the Scheduling Conference scheduled for December 5, 2005.

I.      NATURE OF THE CASE

A.      Plaintiff's Position

The Plaintiff, Metropolitan Property and Casualty Insurance Company ("Metropolitan"), brings this action against the Defendants, Hai Nhu Huynh ("Dr. Huynh") and Spine Care and Therapy, Inc. ("Spine Care"), as a result of the Defendants' fraudulent scheme to wrongfully obtain Personal Injury Protection ("PIP") and other insurance proceeds, including, but not limited to Bodily Injury benefits, from 2001 to present.  Metropolitan alleges that the Defendants fraudulently obtained said payments through all of the following means:

(1)  falsely diagnosing patients with injuries they did not sustain;

(2)  falsely inflating or exaggerating medical treatments provided to patients;

(3)  billing for medical treatments never provided;

(4)  billing for medical treatments improperly administered;

(5) billing for medical treatments that were neither necessary nor reasonable, as they were unrelated to the injuries actually sustained by the patients;

(6) misrepresenting a patient's injuries, as well as the medical treatments actually provided, through the Defendants' medical records and bills, which were submitted fraudulently to Metropolitan in support of insurance claims for PIP proceeds;

(7) unlawful referral and solicitation agreements between the Defendants, attorneys, and multi-service agencies, also known as "runners."

Metropolitan seeks monetary damages from the Defendants for any and all proceeds improperly paid to the Defendants, fraudulently inflated bodily injury payments made to patients as a result of the Defendants' false medical records and bills, subrogation payments made by Metropolitan to other insurance carriers based upon the Defendants' false medical records and bills, investigative and legal expenses incurred in combating the Defendants' fraudulent scheme, and attorney's fees.  Additionally, Metropolitan seeks treble damages and injunctive relief against the Defendants, pursuant to M.G.L. c. 93A, §11.

**B.     Defendants' Position**

Defendants' object to the Plaintiff's inclusion of the above gratuitous rhetoric that has no place in a Local Rule 16.1(D) joint statement.  Further, Defendants contend that Plaintiff's complaint does not state a claim upon which relief can be granted for the reasons set forth in Defendants' Motion to Dismiss.  Defendants further contend that Plaintiff cannot prove any of its allegations and, therefore, is not entitled to monetary damages or equitable relief.

II.    **OBLIGATION OF COUNSEL TO CONFER**

Counsel for the parties have conferred in accordance with the provisions of Fed.R.Civ.P.

26(f) and Local Rule 16.1.  Neither party is willing to assent to trial by a United States Judge

Magistrate at the present time.

III.    **SETTLEMENT**

In accordance with Local Rule 16.1(C), Metropolitan has submitted a written settlement

proposal to the Defendants.

IV.    **PROPOSED SCHEDULING CONFERENCE AGENDA**

Pursuant to Local Rule 16.1(B)(1), the Parties hereby propose the following agenda of

matters to be discussed at the Scheduling Conference:

(1)    The nature of the legal and factual issues involved in this case, and the parameters

of anticipated discovery;

(2)    The Parties' proposed pre-trial schedule;

(3)    Any pending motions;

(4)    Whether the Parties will consent to a trial by magistrate judge;

(5)    Whether the Parties should seek judicial guidance on mediation opportunities;

(6)    Whether the case should be designated as complex under Local Rule 16.1(E); and,

(7)    Whether discovery should be set as phased discovery pursuant to Local Rule

16.1(D)(1)(b) and consistent with the schedule set forth under Defendants'

proposed discovery plan.

V.    **PROPOSED DISCOVERY PLAN**

A.    **Plaintiff's Position**

The Plaintiff anticipates the need for additional discovery beyond the limitations set forth in Fed.R.Civ.P. 30(a)(2) and 33(a), as well as Local Rule 26.1(C).  Specifically, the Plaintiff anticipates the need for more than twenty-five (25) interrogatories and ten (10) depositions.  As such, the Plaintiff intends to obtain the Defendants' written stipulation to additional discovery, but will be prepared to file the appropriate discovery motions seeking the Court's leave if necessary.

B.    **Defendants' Position**

Based upon Plaintiff's position in the pleadings to date, Defendants oppose Plaintiff's need for discovery beyond the presumptive limits.

C.    **Plaintiff's Proposed Discovery Plan**

The Plaintiff proposes the following scheduling deadlines:

(1)    Mandatory Disclosures pursuant to Fed.R.Civ.P. 26(A)(1) are due on or before December 5, 2005;

(2)    Interrogatories and initial document requests will be served in accordance with the Federal Rules of Civil Procedure by February 10, 2006;

(3)    Answers and objections to interrogatories and document requests are due by March 10, 2006;

(4)    Privilege logs prepared in accordance with Fed.R.Civ.P. 26(b)(5) will be served by the objecting party no later than April 21, 2006;

(5)    Expert witnesses shall be designated and expert reports shall be served pursuant to Fed.R.Civ.P. 26(a)(2)(B) no later than June 2, 2006;

(6)    All non-expert depositions shall be completed by July 31, 2006.

(7)    Rebuttal experts shall be designated and reports of such experts will be served in accordance with Fed.R.Civ.P. 26(a)(2)(B) no later than July 31, 2006;

(8)    Supplemental written discovery, if any, including Requests for Admissions shall be served and responded to, including expert depositions, such that all discovery will be completed by September 1, 2006.

**D.    Defendants' Proposed Discovery Plan**

Defendants propose the following first phase of "core" discovery and associated scheduling deadlines:

(1)    Mandatory Disclosures pursuant to Fed.R.Civ.P. 26(A)(1) are due on or before December 5, 2005;

(2)    Contention Interrogatories served by Defendants by December 15, 2005.

(3)    Contention Interrogatories answered by Plaintiff by January 17, 2005.

(4)    Production of the following core documents by Plaintiff by January 17, 2005:

    a.    All investigative memoranda and materials;

    b.    All files for claims for which Plaintiff alleges fraudulent billing has occurred; and,

    c.    All documents reflecting Plaintiff's claims handling policies.

(5)    Depositions of Plaintiff pursuant to Rule 30(b)(6) and Special Investigator Mark O. Huard by February 15, 2006.

(6)    Follow-up scheduling conference thereafter to allow this Court to consider whether any additional discovery is necessary and whether summary judgment motion practice should ensue immediately.

(7)     Reciprocal "core" discovery essential to Plaintiff's claims, to be determined.

## VI.    PROPOSED MOTION SCHEDULE

### A.    Plaintiff's Proposed Motion Schedule

All Motions pursuant to Fed.R.Civ.P. 56 shall be filed and served no later than September

29, 2006, with oppositions due no later than October 27, 2006.

### B.    Defendants' Proposed Motion Schedule

At the proposed scheduling conference at the conclusion of the first phase of "core"

discovery, Defendants intend ask this Court to consider whether motion practice pursuant to Fed.

R. Civ. P. 56 should ensue immediately.

## VII.   CERTIFICATION

Pursuant to Local Rule 16.1(D)(4), the parties certify that they have conferred with their

respective clients regarding a budget for the above-captioned litigation and have discussed the

use of alternative dispute resolution to resolve this matter.  Certifications to be signed by counsel

and their respective clients have been prepared and will be filed by the parties prior to the

Scheduling Conference.

Respectfully submitted,

By the Plaintiff,

Metropolitan Property and Casualty
Insurance Company,

By its attorneys,

Date:  November 30, 2005          __/s/ Glenda H. Ganem_____
                                  Glenda H. Ganem, Esq. (BBO# 564374)
                                  Clayton R. Henderson, Esq. (BBO# 659532)
                                  McGovern & Ganem, P.C.
                                  21 Merchants Row, 4th Floor
                                  Boston, MA 02451
                                  (617) 723-1444

By the Defendants,

Hai Nhu Huynh and
Spine Care & Therapy, Inc.

By their attorneys,

Date:    November 30, 2005          ___/s/ Andrew D. Nebenzahl_____

Andrew D. Nebenzahl, Esq. (BBO# 368065)
Nebenzahl / DuBosque, LLP
One Post Office Square
Sharon, MA 02067
(781) 784-2000

___/s/ James C. Rehnquist_____
James C. Rehnquist, Esq. (BBO# 552602)
Sheryl Koval, Esq. (BBO# 657735)
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

LIBA/1651407.1