UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11287 RGS

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY

v.

HAI NHU HUYNH and
SPINE CARE AND THERAPY, INC.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO RECONSIDER
ORDER DENYING MOTION TO DISSOLVE ATTACHMENTS

January 9, 2006

STEARNS, D.J.

On consideration of the supplemental pleadings and oral argument, the court remains persuaded that plaintiff Metropolitan Prop. & Cas. Ins. Co. (Metropolitan) is likely to prevail on the merits and recover damages in an amount equal to or in excess of the attachments. Metropolitan has laid out convincing evidence that the defendants' chiropractic practice is permeated by fraud. Despite defendants' arguments to the contrary, there is no requirement that the amount of a claim and thus the amount of an attachment be calculable with the precision required by Fed. R. Civ. P. 9(b). See Michael C. Gilleran, *Massachusetts Prejudgment Security Devices: Attachment, Trustee Process, and Reach and Apply*, Massachusetts Law Review/Winter 1984, at 158 (noting that claims that are unliquidated and unascertainable by calculation are expressly contemplated by G.L. c. 233, § 114). Nor is it unreasonable for Metropolitan to offer proofs of its claim by way of patient sampling in light of the egregiousness of the results. The magnitude of the

fraudulent conduct associated with the treatment of the patients described in the Huard affidavits makes implausible defendants' argument that any billing errors that may have occurred can be explained by clerical missteps in a busy chiropractic office or by cultural misunderstandings or that the patient sample offered is unrepresentative of defendants' practice as a whole.  The motion to reconsider is therefore <u>DENIED</u>.

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE